OPINION
{¶ 1} The defendant-appellant, Cheryl Bass appeals from the judgment of the Hardin County Court of Common Pleas denying her motion to modify sentence. The trial court also denied the appellant's alternate request to set aside her plea of guilty and order a new trial. Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
 {¶ 2} The pertinent facts and procedural history in this matter are as follows. On September 12, 1989, the appellant pled guilty to four counts of aggravated vehicular homicide, in violation of R.C. 2903.06(A), with the specification that she was under the influence of alcohol, and one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). In return for her plea, the state dismissed six other charges. The appellant was sentenced to two to five years on each of the aggravated vehicular homicide charges, each sentence to be served consecutively, and one year on the DUI charge to be served concurrently with the other sentences.
 {¶ 3} On May 12, 2000, the appellant filed a motion to modify her sentence to reflect the sentencing, which she alleged, that the court actually intended to impose.[1] In the alternative, the appellant asked the court to set aside her guilty pleas and order a new trial in this matter. The appellant contends that the maximum term of incarceration was never explained to her and that her constitutional rights were violated as her pleas were not knowing, voluntary and intelligent.
 {¶ 4} A hearing was held in this matter on October 4, 2000. At the conclusion of the hearing, the trial court took the matter under advisement and on October 6, 2000 issued a judgment entry denying the appellant's motion. The appellant appealed.
 {¶ 5} In our June 15, 2001 judgment entry, this Court held, on the basis of State v. Reynolds,[2] that the appellant's motion to withdraw a guilty plea must be reviewed as a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post-conviction relief "shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal." The appellant was sentenced on September 12, 1989 and did not file her petition until May 12, 2000, after over nine years had passed, well after the time limits had expired.
 {¶ 6} R.C. 2953.23 provides that a court may not entertain an untimely petition unless the petitioner can show, among other things, that she was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner. We found that the appellant's petition failed to fall under either of those exceptions.
 {¶ 7} Consequently, we concluded that the appellant's petition was not timely filed and that the trial court lacked jurisdiction to consider the issues contained therein. In the interest of stare decisis, we certified the cause to the Supreme Court of Ohio as being in conflict with State v. Cale[3] and State v. Talley[4] on the issue of whether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21 and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations. The appellant filed a discretionary appeal with the Supreme Court of Ohio.
 {¶ 8} On September 18, 2002, on the authority of State v. Bush,[5]
this Court's decision was reversed by the Supreme Court of Ohio. The Court stated that "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea."[6] As the Court explained: "R.C. 2953.21(J), part of the postconviction relief statutory scheme, provides that `the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.' Given that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets the withdrawal of a plea, it is not a `collateral challenge to the validity of a conviction or sentence.' (Citation omitted)."[7]
 {¶ 9} The case was remanded to this Court in order that we may properly address the merits of the appellant's motion to withdraw her plea.
 {¶ 10} The appellant asserts four assignments of error for our consideration.
 ASSIGNMENT OF ERROR NO. I {¶ 11} "The trial court committed prejudicial error by accepting an ex parte judgment entry which was not submitted to defendant or her attorney."
 ASSIGNMENT OF ERROR NO. II {¶ 12} "Appellant's plea was not voluntary, knowing, and intelligent and thereby violates substantive and procedural due process under the Fifth
and Fourteenth Amendments to the United States Constitution and under Article One, Section Ten of the Ohio Constitution."
 ASSIGNMENT OF ERROR NO. III {¶ 13} "The trial court committed prejudicial error by failing to ask appellant whether she wishes to exercise the right of allocation created by Crim.R. 32(A)."
 ASSIGNMENT OF ERROR NO. IV {¶ 14} "The interests of justice require that this case be reversed and remanded for re-sentencing."
 {¶ 15} For purposes of clarity and brevity, we will address the appellant's assignments of error together. The appellant asserts that the trial court erred in failing to permit the appellant to withdraw her guilty plea. Crim.R. 32.1, which governs post-sentence plea withdrawal motions, provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 16} Elucidating the manifest injustice standard, the Supreme Court of Ohio stated: "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."[8] This standard "seeks to avoid the possibility of a defendant pleading guilty to test the weight of a potential punishment," and "is allowable only in extraordinary cases."[9]
 {¶ 17} An appellate court is to apply the abuse of discretion standard of review when considering a trial court's denial of a post-sentence plea withdrawal motion.[10] An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[11]
 {¶ 18} The crux of the appellant's appeal is that the trial court failed to comply with Crim.R. 11 through the failure of the appellant to knowingly, intelligently, and voluntarily enter a plea of guilty to the four counts of aggravated vehicular homicide, with the specification that she was under the influence of alcohol, and one count of driving under the influence of alcohol.
 {¶ 19} Crim.R. 11(C)(2), which deals with a plea of guilty in a felony case, provides, in part:
 {¶ 20} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such a plea without first addressing the defendant personally and:
 {¶ 21} "(a) Determining that [she] is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that [she] is not eligible for probation.
 {¶ 22} "(b) Informing [her] of and determining that [she] understands the effect of [her] plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 23} "(c) Informing [her] and determining that [she] understands that by [her] plea [she] is waiving [her] rights to jury trial, to confront witnesses against [her], to have compulsory process for obtaining witnesses in [her] favor, and to require the state to prove [her] guilt beyond a reasonable doubt at trial at which [she] cannot be compelled to testify against [herself]."
 {¶ 24} Crim.R. 11(D), which deals with misdemeanor cases involving serious offenses, provides that "the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily."
 {¶ 25} At the time the appellant was sentenced, the rule established in the State of Ohio, with regard to the trial court's acceptance of a guilty plea pursuant to Crim.R. 11 was substantial compliance.[12]
 {¶ 26} The appellant has failed to include in the record a transcript of the September 12, 1989 change of plea and sentencing hearing; therefore, we are unable to review the content of the hearing in its entirety. However, enough of the 1989 hearing was read into the record during the October 4, 2000 hearing to facilitate our consideration of whether the trial court substantially complied with the mandates of Crim.R. 11.
 {¶ 27} Upon our examination of the record, we find that the appellant was afforded a full and complete hearing pursuant to Crim.R. 11 prior to the entry of her guilty pleas. Before accepting the appellant's pleas, the court discussed the charges with the appellant on the record. The appellant stated that she understood the nature of the charges against her, the counts that were being dismissed, and the counts to which she was entering a plea. The court then summarized the charges to which the appellant plead guilty. The appellant stated that she understood the penalties that were involved and that by entering a plea of guilty to each count she was admitting to the offenses and all the operative facts of the offences with which she was charged.
 {¶ 28} The court then explained the rights that she was surrendering by entering a guilty plea. These included the right to a jury trial requiring a unanimous jury to convict, the right of confrontation, the right to present her own defense, and the right to remain silent throughout the trial. The appellant also understood that the prosecution would have the burden of proving her guilty beyond a reasonable doubt and that were she to proceed to trial that she would have no burden of proof.
 {¶ 29} With respect to her trial counsel, the appellant acknowledged that she was satisfied with the services of her attorney and believed that he represented her competently and to the best of his ability. When asked if she was under the influence of alcohol or any drug of abuse, the appellant responded that she was not under the influence of any substances and was in full possession of her faculties. She also stated that she was competent and that she entered the guilty pleas freely and voluntarily.
 {¶ 30} The appellant responded affirmatively when asked whether she understood that the sentences would run either concurrently or consecutively. She also understood that the court could exercise its discretion to provide her with the minimum sentence, maximum sentence, or such sentence as allowed by law between the two. For each of the four felonies, the court informed the appellant that she was sentenced to a term of two to five years for each and that the sentences would run consecutively. For the charge of driving under the influence of alcohol, the court found that she committed the same offence in the past five years and sentenced her to a term of one year to be served concurrently with the terms previously imposed.
 {¶ 31} The trial court also held a complete evidentiary hearing on the appellant's motion to withdraw her plea. The appellant, who was represented by new counsel, was permitted to testify fully at this hearing as to each of her allegations. Examination of the testimony and the decision of the trial judge reveals that the trial court clearly gave full and fair consideration to the plea withdrawal request. We find nothing in the record to support the appellant's contention that her guilty plea was not voluntary, knowing, and intelligent. Further, we find nothing unreasonable, arbitrary, or unconscionable in the trial court's handling of the appellant's motion to withdraw her plea. Therefore, we find no abuse of discretion in the denial of the appellant's motion to modify her sentence or in the alternative to set aside her plea of guilty and order a new trial.
 {¶ 32} The appellant also asserts that she was prejudiced by the trial court's denial of her right of allocution. Crim.R. 32(A)(1) provides a criminal appellant with an absolute right of allocution by requiring that the trial court, "at the time of imposing sentence, * * * address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The appellant maintains that she was never addressed personally by the court as to whether she wished to make a statement on her own behalf or desired to present any information in mitigation of punishment.
 {¶ 33} As mentioned above, the appellant has failed to provide this Court with a transcript of the sentencing hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."[13]
 {¶ 34} Although the appellant asserts that she was denied her right of allocution, the portion of the record, which we do have, contradicts her point. In its September 12, 1989 entry, the trial court stated that "the Court addressed the defendant personally and offered her the opportunity to speak on her own behalf or to offer evidence in mitigation of sentence and punishment. Attorney Lager spoke on behalf of the defendant." Without a complete record, we are unable to review the evidence forming the basis of the trial court's findings and the appellant's contention that she was denied her right of allocution. Therefore, we will presume the validity of the lower court's proceedings.
 {¶ 35} The appellant's assignments of error are not well taken and are overruled.
 {¶ 36} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] This motion made by the appellant is completely unfounded and without any basis whatsoever. The appellant fails to even address this contention in either the trial court or this Court. As such, we will not address the issue.
[2] (1997), 79 Ohio St.3d 158.
[3] (Mar. 23, 2001), Lake App. No. 2000-L-034.
[4] (Jan. 30, 1998), Montgomery App. No. 16479.
[5] 96 Ohio St.3d 235, 2002-Ohio-3993.
[6] Id. at syllabus.
[7] Id.
[8] State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one and two of the syllabus.
[9] Id. at 264.
[10] State v. Shaner, Logan App. Nos. 8-99-16 and 8-99-17, 2000-Ohio-1919.
[11] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[12] State v. Stewart (1977), 51 Ohio St.2d 86.
[13] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.