[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 235.]

THE STATE OF OHIO, APPELLEE, *v*. BUSH, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v*. NORTHERN, APPELLANT.

[Cite as *State v. Bush*, 2002-Ohio-3993.]

*Criminal law—Appeals—Postconviction remedies—R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea.*

(Nos. 2001-1161, 2001-1247, 2001-1375, and 2001-1480—Submitted May 21, 2002—Decided August 28, 2002.)

APPEAL from and CERTIFIED by the Court of Appeals for Union County, No. 14-2000-44, 2001-Ohio-2220.

APPEAL from and CERTIFIED by the Court of Appeals for Allen County, No. 1-01-01, 2001-Ohio-2229.

———————————

SYLLABUS OF THE COURT

R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea.

———————————

COOK, J.

{¶1} These cases ask us to decide whether R.C. 2953.21 and 2953.23 govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. The answer is no.

I

A. Case Nos. 2001-1161 and 2001-1247: Appellant Bush

{¶2} In 1997, appellant, Raymond E. Bush, Jr., pled guilty to one count of each of the following offenses: breaking and entering, a violation of R.C. 2911.13(B); grand theft of a motor vehicle, a violation of R.C. 2913.02; breaking

and entering, a violation of R.C. 2911.13(A); theft, a violation of R.C. 2913.02; and possessing criminal tools, a violation of R.C. 2923.24. The trial court sentenced Bush to consecutive terms of one year of incarceration on each breaking and entering conviction, eighteen months on the grand theft of a motor vehicle conviction, one year on the theft conviction, and one year on the possession of criminal tools conviction.

{¶3} After unsuccessfully moving for judicial release, Bush filed a Crim.R. 32.1 motion to withdraw his guilty plea in November 2000. As grounds for his motion, Bush argued that both his counsel and the trial judge had erroneously assured him that he would be eligible for judicial release after having served 30 days in prison, rather than the five years specified in R.C. 2929.20. The state did not oppose the motion. The trial court denied the motion, however, and Bush appealed to the Third District Court of Appeals.

{¶4} The court of appeals affirmed. Citing our decision in *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, the court of appeals majority reasoned that *Reynolds*'s "general syllabus language requires us to conclude that if a motion to withdraw a guilty plea is filed outside the time for a direct appeal and it alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for post-conviction relief under R.C. 2953.21." The appellate court concluded that because Bush had failed to satisfy either the timeliness requirement of R.C. 2953.21 or the R.C. 2953.23 exceptions to the timeliness requirement, the trial court lacked jurisdiction to consider the merits of his "petition for post-conviction relief."

{¶5} The court of appeals sua sponte certified a conflict to this court.[1] Bush also appealed here. The cause is now before this court upon our determination that

---

1. The conflict cases are *State v. Cale* (Mar. 23, 2001), 11th Dist. No. 2000-L-034, 2001 WL 285794, and *State v. Talley* (Jan. 30, 1998), 2d Dist. No. 16479, 1998 WL 31516.

a conflict exists (case No. 2001-1161) and pursuant to the allowance of a discretionary appeal (case No. 2001-1247).

B. Case Nos. 2001-1375 and 2001-1480: Appellant Northern

{¶6} In 1990, appellant, Amy Sue Northern, pled guilty to one count of murder, a violation of R.C. 2903.02. The trial court sentenced Northern to an indefinite term of fifteen years to life. Ten years later, Northern filed a pro se Crim.R. 32.1 motion to withdraw her guilty plea. The basis of Northern's motion was that, because the Adult Parole Authority had determined that she was ineligible for parole by using the aggravated murder count with which she had been charged and not the murder count to which she pled, the state had breached the terms of her plea agreement. The trial court denied the motion without conducting a hearing, and Northern appealed to the Third District Court of Appeals.

{¶7} In a split decision, the court of appeals majority cited the *Bush* decision and affirmed on the basis that, because Northern's Crim.R. 32.1 motion was in fact an untimely postconviction release petition under R.C. 2953.21 and 2953.23, the trial court lacked jurisdiction to consider the merits.[2] Northern then appealed to this court and successfully moved the court of appeals to certify a conflict.[3] As in *Bush*, we granted discretionary review (case No. 2001-1375), determined that a certified conflict exists (case No. 2001-1480), and consolidated the cases.

---

2. Two Third District judges have since disavowed the *Bush-Northern* interpretation of our precedent. See *State v. Reynolds*, 3d Dist. No. 12-01-11, 2002-Ohio-2823, 2002 WL 1299990 (plurality opinion in which author of lead opinion and dissenting judge agreed that Crim.R. 32.1 provides distinct remedy from postconviction petition; third panel member concurred in judgment only).

3. See footnote 1.

II

**{¶8}** Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The majority of appellate districts, however, have at times rejected the viability of postsentence Crim.R. 32.1 motions concerned with constitutional error. Those courts relied on our more recent pronouncement in *Reynolds*.[4] There, we decided that a motion styled "Motion to Correct or Vacate Sentence" was a postconviction relief petition subject to the postconviction statutes, R.C. 2953.21 and 2953.23, and thus barred by res judicata because the movant could have raised the issues on direct appeal. We held:

**{¶9}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id., syllabus.

**{¶10}** The *Reynolds* syllabus must be read in the context of the facts of that case. When we decided *Reynolds*, our rules provided that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and *necessarily arising from the facts of the specific case before the Court for adjudication*." (Emphasis added.) Former S.Ct.R.Rep.Op. 1(B), 3 Ohio St.3d xxi. Thus, when read in context, the rule of *Reynolds* reaches *only* a motion *such as the one in that case*—a "Motion to Correct or Vacate Sentence"—that fails to delineate

---

4. See, e.g., *State v. Idowu*, 1st Dist. No. C-010646, 2002-Ohio-3302, 2002 WL 1393653; *State v. Deer*, 4th Dist. No. 00CA24, 2001-Ohio-2406, 2001 WL 243253; *State v. Steward*, 5th Dist. No. 01 CA 102, 2002-Ohio-2680, 2002 WL 1159190; *State v. Parra* (Jan. 14, 2000), 6th Dist. No. L-99-1123, 2000 WL 20563; *State v. Heddleston*, 7th Dist. Nos. 98 CO 29, 98 CO 37, and 98 CO 46, 2001-Ohio-3391, 2001 WL 1155781; *State v. Jackson* (Nov. 29, 2001), 8th Dist. No. 79072, 2001 WL 1524437; *State v. Lewis* (Feb. 9. 1999), 9th Dist. No. 98CA007007, 1999 WL 66209; *State v. Phelps* (Sept. 26, 2000), 10th Dist. No. 00AP-109, 2000 WL 1376530; *State v. Wesseler*, 12th Dist. No. CA2001-08-087, 2001-Ohio-8638, 2001 WL 1598282. But, see, *State v. Cale* (Mar. 23, 2001), 11th Dist. No. 2000-L-034, 2001 WL 285794; *State v. Talley* (Jan. 30, 1998), 2d Dist. No. 16479, 1998 WL 31516.

specifically whether it is a postconviction release petition or a Crim.R. 32.1 motion. Such irregular "no-name" motions must be categorized by a court in order for the court to know the criteria by which the motion should be judged. Our decision in *Reynolds* set forth a means by which courts can classify such irregular motions. See *State v. Reynolds*, 3d Dist. No. 12-01-11, 2002-Ohio-2823, at ¶ 24, 2002 WL 1299990 (plurality opinion) ("[I]n *Reynolds* the Supreme Court was considering a vaguely titled 'Motion to Correct or Vacate Sentence' and not a motion filed pursuant to a specific rule of criminal procedure. Since there was no controlling rule or statutory provision governing or providing for a Motion to Correct or Vacate Sentence, the Ohio State Supreme Court looked at the contents of the defendant's motions [sic] and determined that substantively it was a petition for post conviction relief and then treated it as such"). *Reynolds* therefore does not obviate Crim.R. 32.1 postsentence motions. Instead, *Reynolds* sets forth a narrow rule of law limited to the context of that case.

{**¶11**} Our precedent distinguishes postsentence Crim.R. 32.1 motions from postconviction petitions. See *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108 (unanimous court describing postconviction relief petition and postsentence motion to withdraw a guilty plea as "alternative remedies"); *State ex rel. WLWT-TV5 v. Leis* (1997), 77 Ohio St.3d 357, 360, 673 N.E.2d 1365 (unanimous court identifying postsentence Crim.R. 32.1 motion to withdraw a guilty plea and postconviction petition as separate remedies). We have continued to recognize a Crim.R. 32.1 postsentence motion to withdraw a guilty plea as a distinct avenue for relief following our decision in *Reynolds*. See *State ex rel. Stovall v. Jones* (2001), 91 Ohio St.3d 403, 404, 746 N.E.2d 601 (unanimous court describing a postsentence Crim.R. 32.1 motion as an "adequate legal remed[y]"); *State ex rel. Chavis v. Griffin* (2001), 91 Ohio St.3d 50, 51, 741 N.E.2d 130 (unanimous court summarizing trial court's obligations in addressing a postsentence Crim.R. 32.1 motion); *Douglas v. Money* (1999), 85 Ohio St.3d 348,

349, 708 N.E.2d 697 (unanimous court citing *Tran* in identifying postsentence motion to withdraw a guilty plea as separate from postconviction relief petition); *State v. Ashworth* (1999), 85 Ohio St.3d 56, 70, 706 N.E.2d 1231 (discussing the operation of Crim.R. 32.1 without mentioning postconviction relief statutes); *Shie v. Leonard* (1998), 84 Ohio St.3d 160, 161, 702 N.E.2d 419 (unanimous court citing *Tran* for proposition that alternative legal remedies of postconviction relief petition and postsentence motion to withdraw a guilty plea existed). And we confirm today that our holding in *Reynolds* continues to be narrow.

**{¶12}** The state urges us to conclude, however, that because the General Assembly has provided a statutory remedy for addressing claimed constitutional error, the postconviction scheme is the exclusive avenue of redress. Thus, the state asserts, courts *must* construe postsentence Crim.R. 32.1 motions that are based on constitutional violations to be postconviction petitions. We disagree.

**{¶13}** R.C. 2953.21(J), part of the postconviction relief statutory scheme, provides that "the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *." Given that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets the withdrawal of a *plea*, it is not a "collateral challenge to the validity of a *conviction or sentence*." See *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905 ("a postconviction proceeding is * * * a collateral civil attack on the judgment"); Black's Law Dictionary (7th Ed.Rev.1999) 255 (defining "collateral attack" as "[a]n attack on a judgment entered in a different proceeding"). We thus reject the state's contention that the statutory scheme set forth in R.C. 2953.21 and 2953.23 provides the exclusive means by which a criminal defendant can raise a constitutional attack on his or her plea.

**{¶14}** Accordingly, we hold that R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. Postsentence

motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently. A criminal defendant can seek under Crim.R. 32.1 to withdraw a plea after the imposition of sentence. See *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. R.C. 2953.21 and 2953.23 do not govern the timeliness of such a motion. And Crim.R. 32.1 itself does not prescribe a time limitation. This is not to say that timeliness is not a consideration, however, as an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph three of the syllabus.

### III

{¶15} We reverse the judgments of the court of appeals and remand these causes for further proceedings.

Judgments reversed.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., dissents.

————————————

Alison Boggs, Union County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee in case Nos. 2001-1161 and 2001-1247.

Dennis W. McNamara, for appellant Raymond A. Bush in case Nos. 2001-1161 and 2001-1247.

David E. Bowers, Allen County Prosecuting Attorney, and Jana E. Gutman, Assistant Prosecuting Attorney, for appellee in case Nos. 2001-1375 and 2001-1480.

David H. Bodiker, Ohio Public Defender, and Stephen P. Hardwick, Assistant State Public Defender, for appellant Amy Sue Northern in case Nos. 2001-1375 and 2001-1480.

_____