This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Jose Gomez, appeals from the decision of the Lorain County Court of Common Pleas, denying his petition for post-conviction relief. Specifically, Defendant argues that the trial court erred by denying his "Motion to Vacate Conviction." We affirm.
{¶ 2} On March 17, 1998, Defendant was convicted of aggravated robbery, in violation of R.C. 2911.01(A)(1); complicity to kidnapping, in violation of R.C. 2905.01(A)(2); complicity to safecracking, in violation of R.C. 2911.31(A); and complicity to theft, in violation of R.C.2913.02(A)(4). Defendant received a total sentence of three years incarceration. He did not file a direct appeal. On June 13, 2000, Defendant was released on parole.
{¶ 3} On December 7, 2001, Defendant filed a motion to vacate his conviction. Pursuant to R.C. 2953.21, the trial court construed this motion as a petition for post-conviction relief. The motion was denied on February 27, 2002. Defendant timely appealed.
 ASSIGNMENT OF ERROR I {¶ 4} "The trial court erred in denying [Defendant's] motion to vacate his conviction."
{¶ 5} In his first assignment of error, Defendant contends that the trial court committed error when it denied his "Motion to Vacate Conviction." We disagree.
{¶ 6} Although Defendant captioned his filing as "Motion to Vacate Conviction," this Court will treat the motion as a Crim.R. 32.1 motion to withdraw a guilty plea. See State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, at ¶ 10 and ¶ 14. Previously, this Court has applied State v. Reynolds (1997), 79 Ohio St.3d 158, in holding that a motion filed after the time for direct appeal, seeking to vacate a conviction on a claimed violation of a defendant's constitutional rights, was to be construed as a petition for post-conviction relief.State v. Worstell (July 19, 2000), 9th Dist. Nos. 99CA007345 and 99CA007368, at 5, citing State v. Lewis (Feb. 9, 1999), 9th Dist. No. 98CA007007, at 4.
{¶ 7} We note however, that Reynolds is to be construed in the context of the facts of that case as R.C. 2953.21 and 2953.23 do not govern Crim.R. 32.1 post-sentence motions to withdraw guilty pleas. SeeBush, at ¶ 10 and ¶ 14. In Bush, the Ohio Supreme Court stated that "Reynolds reaches only a motion such as the one in that case
— a `Motion to Correct or Vacate Sentence' — that fails to deliniate specifically whether it is a postconviction release petition or a Crim.R. 32.1 motion. Such irregular `no-name' motions must be categorized by a court[.] * * * Our decision in Reynolds set forth a means by which courts can classify such irregular motions." Bush at ¶ 10. See Reynolds, 79 Ohio St.3d at 160. The Court in Reynolds
considered the style and contents of the defendant's vaguely titled "Motion to Correct or Vacate Sentence" and determined that substantively it was a petition for post-conviction relief as it was not filed pursuant to a specific rule of criminal procedure. Bush at ¶ 10.
{¶ 8} Applying the principles outlined in Reynolds and Bush to the case at hand, we find that Defendant's motion, styled "Motion to Vacate Conviction," is substantively a Crim.R. 32.1 motion to withdraw his guilty plea. Bush at ¶ 10. Although Defendant's motion was not filed pursuant to a specific rule of criminal procedure, it is based on R.C.2943.031 and raises a constitutional issue. Substantively, Defendant is seeking to withdraw his guilty plea.
{¶ 9} R.C. 2943.031(A) provides that "prior to accepting a plea of guilty * * * the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement." The advisement reads: "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'" Id. The statute further provides that "[u]pon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty by reason of insanity" if four requirements are established: (1) The court failed to provide the advisement described in the statute; (2) the advisement was required to be given; (3) the defendant is not a citizen of the United States; and (4) the conviction for the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws. R.C. 2943.031(D). The first requirement is the only disputed issue.
{¶ 10} In his brief, Defendant asserted that the trial court did not advise him of the consequences his guilty "plea may have * * * as to his immigration status." However, Defendant concedes that at the plea hearing he was asked by the judge if he was a United States Citizen and he responded in the negative. Defendant also concedes that the trial judge questioned if he "under[stood] that the U.S. Government may deport [him]?" He responded "Yes." The trial court followed the previous question with "You understand that?" Again, Defendant responded "Yes." Based on this exchange, it is apparent that Defendant was aware of the fact that he could be deported at the time the plea hearing was conducted. See State v. Deitz (Apr. 12, 2000), 9th Dist. No. 99CA007459, at 3-4 (finding that although the trial court did not advise defendant of his rights pursuant to R.C. 2943.031, he was aware of the fact that he could be deported, when he filed his first petition for post-conviction relief, as he received notice of removal from the Immigration and Naturalizaton Service prior to the filing of his petition). Accordingly, the trial court provided Defendant the required advisement inasmuch as "R.C. 2943.031(A), * * * requires only that the trial court advise that the conviction `may have the consequences of deportation[.]'" (Emphasis sic.) State v. Lamba (Dec. 21, 2001), 2nd Dist. No. 18757.
{¶ 11} In Lamba, the trial court verbally addressed the defendant about the possibility of being deported as a consequence of a guilty plea. Specifically, the court stated "you stand a very substantial chance of being deported because you are not a naturalized or U.S. national or naturally-born citizen. Do you understand that?" Id. The appellate court found that this exchange "went beyond the mandates of R.C. 2943.031(A)" as the court is required to advise only that the conviction may result in deportation. Id.
{¶ 12} The questions asked of Defendant in this case are similar to those the defendant received in Lamba. As a result of the colloquy between the court and Defendant, Defendant was put on notice that the conviction may result in his deportation. Furthermore, the trial court satisfied the minimum requirements of R.C. 2943.031(A) when it advised Defendant that "the U.S. Government may deport [him.]"
{¶ 13} Accordingly, we cannot say that the trial court erred when it denied Defendant's "Motion to Vacate Conviction." Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II {¶ 14} "Counsel for [Defendant] was not served with a copy of the State's response to [Defendant's] motion, thereby denying him an opportunity for rebuttal."
{¶ 15} In his second assignment of error, Defendant avers that he was not served with a copy of the State's brief in response to his motion to vacate his conviction. However, Defendant has failed to identify any parts of the record or cite to any legal authority that would support his assignment of error. Furthermore, Defendant did not separately address assignment of error two in his appellate brief even though it is separately stated on the assignment of error page.
{¶ 16} "An appellant bears the burden of affirmatively demonstrating error on appeal." Hutchison v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39, quoting In re Hiltabidel, 9th Dist. No. 21009, 2002-Ohio-3627, at ¶ 58. An appellant's brief must contain argument and law, "with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). If the party presenting an assignment of error for review "fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief" this Court may disregard the assignment of error. See App.R. 12(A)(2). Additionally, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." State v. Clifford, 9th Dist. No. 20871, 2002-Ohio-4531, at ¶ 15, quoting Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18.
{¶ 17} As Defendant has failed to both separately address assignment of error two in his brief and identify any parts of the record or cite to any legal authority that would support his second assignment of error, we shall disregard this alleged error. See App.R. 12(A)(2). Accordingly, this Court will not address Defendant's second assignment of error.
{¶ 18} Defendant's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. CONCURS IN JUDGMENT ONLY, BATCHELDER, J. CONCURS.