[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Fred C. Pitzer presents on appeal a single assignment of error in which he contends that the Hamilton County Court of Common Pleas erred in denying his postsentence motion to withdraw his guilty plea.
{¶ 3} Crim.R. 32.1 governs our review of the denial of Pitzer's motion. See State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, syllabus. The rule provides as follows:
 {¶ 4} A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 5} Thus, a postsentence motion to withdraw a guilty plea may be granted only upon a showing of "manifest injustice." The burden of establishing "manifest injustice" is on the defendant. See State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. The determination of whether the defendant has sustained his burden is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion. See id., paragraph two of the syllabus.
{¶ 6} Upon the record before us, we cannot say that Pitzer's trial attorney violated a substantial duty to him in counseling him to enter a guilty plea to the charge of escape. See Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. In turn, we can only concur with the common pleas court in its conclusion, implicit in its denial of the motion to withdraw the plea, that Pitzer had failed to sustain his burden of demonstrating that the withdrawal of his plea was necessary to correct a manifest injustice. Accordingly, we hold that the court, in denying the motion, did not abuse its discretion. On that basis, we overrule the sole assignment of error and affirm the judgment of the court below.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.