DECISION AND JUDGMENT ENTRY
{¶ 1} Christopher Rathburn appeals the denial of his motion to withdraw his guilty plea by the Gallia County Court of Common Pleas. He argues that the trial court erred in applying the requirements of R.C.2953.21, the post-conviction relief statute, to his postsentence motion to withdraw his guilty plea. We agree because "R.C. 2953.21 and 2953.23
do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, syllabus. Accordingly, we reverse the decision of the trial court and remand this case for further proceedings.
 I. {¶ 2} In 1993, a grand jury indicted Rathburn for attempted murder. In June 1994, he withdrew his plea of not guilty by reason of insanity and pled guilty. The trial court accepted his guilty plea and sentenced him to ten to twenty-five years imprisonment and required that the prison term be "actual incarceration." The trial court also ordered the term to be served concurrent with a five to ten year term of imprisonment imposed in different case.
 {¶ 3} In October 2000, Rathburn sought probation pursuant to former R.C. 2947.061. The trial court found that because the sentencing entry clearly stated that a term of "actual incarceration" had been imposed, Rathburn was not eligible for shock probation pursuant to former R.C. 2947.061.
 {¶ 4} On November 5, 2001, Rathburn filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. He argued that all parties involved in his case assumed that he would be eligible for release after serving six years and eight months in prison if he received all available good time credit. He further argued that no one ever explained the term "actual incarceration" to him.
 {¶ 5} The trial court followed our prior decisions in State v.Unger, Adams App. No. 00CA705, 2001-Ohio-2397, and State v. Deer,
Lawrence App. No. 00CA24, 2001-Ohio-2406, and found that Rathburn's motion must comply with the requirements of R.C. 2953.21 et seq. The trial court found that because Rathburn's motion was untimely by over five years, it did not have jurisdiction to consider it. Accordingly, the trial court dismissed the motion without considering its merits.
 {¶ 6} Rathburn appeals and assigns the following errors: "The trial court erred in its determination that [Rathburn's] motion to withdraw pleas of guilty must meet the technical and procedural requirements of a petition for post-conviction relief under [R.C.] 2953.21, and therefore erred in overruling his motion without reaching its merits."
 II. {¶ 7} In his only assignment of error, Rathburn argues that the requirements of R.C. 2953.21 do not apply to a Crim.R. 32.1 motion to withdraw a guilty plea.
 {¶ 8} "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, syllabus. See also, State v. Moore,
Pike App. No. 01CA674, 2002-Ohio-5748. Thus, the trial court erred in finding that it did not have jurisdiction to consider Rathburn's motion because it was untimely.
 {¶ 9} We note that the trial court was following our decisions inUnger and Deer and take this opportunity to expressly overrule our holdings in Unger, Deer and any other decisions in which we held that postsentence motions to withdraw guilty pleas are governed by R.C. 2953.21et seq.
 {¶ 10} Accordingly, we sustain Rathburn's only assignment of error, reverse the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consis tent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Harsha, J.: Concur in Judgment Opinion.