OPINION
{¶ 1} Appellant Marion R. Fluharty appeals the decision of the Court of Common Pleas, Stark County, which dismissed his petition to vacate or set aside sentence. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In September 1999, the Stark County Grand Jury indicted appellant on one count of rape. On November 4, 1999, appellant appeared with counsel before the court and withdrew his not guilty plea. Appellant agreed to enter a guilty plea in exchange for the state's motion to dismiss a sexually violent predator specification as listed in the indictment. Appellant was thereupon found guilty of rape (R.C. 2907.02), a felony of the first degree. The trial court thereupon sentenced appellant to term of imprisonment of ten years, and found appellant to be a sexual predator. The judgment entries of conviction, sentence, and classification were filed on November 12, 1999.
 {¶ 3} Over two years later, on June 18, 2002, appellant filed a pro se "Petition to Vacate or Set Aside Sentance (sic)." Said petition specifically cited R.C. 2953.21, and stated as its designated "constitutional claim" that the sentencing judge had violated the plea bargain by including the sexual predator classification. The state filed a responsive memorandum and motion to dismiss, arguing that appellant's petition was untimely and, in the alternative, lacked merit on the grounds that a sexual predator classification is not a punishment enhancement. Appellant filed an unsworn affidavit on July 10, 2002, essentially claiming that he suffers from post-traumatic stress disorder. The trial court issued an order of dismissal on July 12, 2002, adopting as findings of fact the statements in the state's aforecited response memorandum.
 {¶ 4} Appellant filed a notice of appeal from the entry of dismissal. Although he fails to set forth an Assignment of Error, we will utilize the first sentence of his brief therefor:
 {¶ 5} "I. Defendant Marion R[.] Fluharty contends that the State of Ohio has broken his plea bargen (sic) by adding the sexual predator specification against me."
 {¶ 6} We first address the trial court's decision to deny appellant's petition on grounds of timeliness. A petitioner seeking postconviction relief must file a timely petition under the statutory requirements of R.C. 2953.21(A)(2): "A petitioner under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 7} Appellant was thus clearly outside the time frame of R.C.2953.21(A)(2). In order to obtain relief under a delayed postconviction petition pursuant to R.C. 2953.23(A), a petitioner must show that he was either unavoidably prevented from discovery of the facts upon which the petitioner must rely, or that the Supreme Court of the United States recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1).
 {¶ 8} Appellant does not seek to apply the second alternative under R.C. 2953.23(A)(1), hence we must analyze the applicability of the "unavoidably prevented" justification for appellant's untimely petition. Although not cogently set forth by appellant, our reading of appellant's petition and "affidavit" indicate two potential grounds for unavoidable prevention of discovery of facts: lack of access to a law library and appellant's claimed psychological problems. The 1999 plea agreement signed by appellant and his counsel clearly states the potential for a sexual predator finding by the court. Therefore, we find no error, under such circumstances, in the trial court's conclusion that appellant was not unavoidably delayed in obtaining documentation for presenting his claim.
 {¶ 9} We are cognizant of the Ohio Supreme Court's recent holding that R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 post sentence motion to withdraw a guilty plea. See State v. Bush (2002),96 Ohio St.3d 235, 773 N.E.2d 522, syllabus. However, the Supreme Court therein commented on its earlier decision in State v. Reynolds (1997),79 Ohio St.3d 158, 679 N.E.2d 1131, which involved a defendant's "Motion to Correct or Vacate Sentence," as opposed to a Crim.R. 32.1 motion. The Court noted: "Such irregular `no-name' motions must be categorized by a court in order for the court to know the criteria by which the motion should be judged. Our decision in Reynolds set forth a means by which courts can classify such irregular motions." Bush at 237, 773 N.E.2d 522. In the case sub judice, appellant utilized a petition caption similar to that of Reynolds, and further specifically therein cited R.C. 2953.21. As such, we find Reynolds applicable. Therefore, the trial court properly relied on the statutory time parameters for postconviction relief.
 {¶ 10} As the trial court correctly found the matter subject to dismissal for want of jurisdiction, we find the remainder of appellant's arguments moot.
 {¶ 11} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
topic: Post-Conviction Relief.