OPINION
{¶ 1} On June 14, 2000, the Muskingum County Grand Jury indicted appellant, James Smith, Jr., on one count of rape in violation of R.C.2907.02, one count of sexual battery in violation of R.C. 2907.03 and one count of corruption of a minor in violation of R.C. 2907.04. On February 23, 2001, appellant pled guilty to the sexual battery and corruption counts. The rape count was nolled. By entry filed April 16, 2001, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 2} On December 3, 2001, appellant filed a petition to vacate or set aside sentence pursuant to R.C. 2953.21, claiming ineffective assistance of counsel. By journal entry filed March 4, 2002, the trial court dismissed the petition without hearing, finding said petition was defective on its face.
 {¶ 3} On August 22, 2002, appellant filed a second petition to vacate or set aside sentence pursuant to R.C. 2953.21, claiming newly discovered evidence. By journal entry filed September 13, 2002, the trial court dismissed the petition without hearing, finding said petition was untimely.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court abused its discretion when failing to conduct an evidentiary hearing upon defendant's post-sentence motion based on mitigation evidence dehors the record, amounts to deniel (sic) of due process of law, and eqaul (sic) protection of law."
 II {¶ 6} "The trial court abused its discretion when refusing to recognize the underlying theme of defendant's post-sentence motion was that his guilty plea was not willfully and intelligently made that he was moving to vacate that plea upon newly discovered evidence to correct manifest injustice."
 I, II {¶ 7} Appellant claims he should have been afforded a hearing on his post-sentence motion and the trial court erred in determining said motion was a petition for postconviction relief and not a Crim.R. 32.1 motion to withdraw his plea.
 {¶ 8} In its journal entry of September 13, 2002, the trial court found appellant's post-sentence motion was a request for postconviction relief pursuant to R.C. 2953.21 and was not timely filed. The crux of this matter is whether the claims alleged in appellant's post-sentence motion make the motion a petition for postconviction relief or a motion to withdraw his guilty plea.
 {¶ 9} The motion captions itself "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and states it is made pursuant to R.C. 2953.21. Within the petition, appellant claimed he "has found new Evidence that can prove his innocense (sic) and he has the issue of Manifest Weight of Evidence and Justice." He further averred he has "new evidence/Statements from one witness (my son) and others who believe that my wife framed me."
 {¶ 10} On the very face of the petition, appellant invoked R.C.2953.21 and not Crim.R. 32.1. The issues claimed involve newly discovered evidence as would be cognizable under a motion for new trial under Crim.R. 33(A)(6).
 {¶ 11} In order to obtain relief under Crim.R. 32.1 after sentence, appellant must establish facts that would support a finding of manifest injustice. None of his claims rise to that level nor are any averred to in the petition. We find appellant's motion not to be a Crim.R. 32.1 motion.
 {¶ 12} Appellant argues State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, mandates the trial court to accept his petition as a motion to withdraw his plea. We disagree. In Bush, the Supreme Court of Ohio noted the specific time limits of R.C. 2953.21 and R.C. 2953.23 do not control Crim.R. 32.1 motions. In Bush, the defendant filed a Crim.R. 32.1 motion, not a petition for postconviction relief. In this matter, appellant did not request to withdraw his former plea, but specifically invoked R.C. Chapter 2953.
 {¶ 13} In his petition, appellant did not present any facts that would support an exception to the one hundred eighty day time limit. See, R.C. 2953.21(A)(2) and R.C. 2953.23(A).
 {¶ 14} Based upon the status of the petition, the late filing of the petition and appellant's failure to establish an exception to the one hundred eighty day time limit, we find the trial court was correct in denying a hearing and ruling the petition untimely.
 {¶ 15} Assignments of Error I and II are denied.
 {¶ 16} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Hoffman, P.J. and Boggins, J. concur.
Topic: Petition for post conviction relief was properly denied as untimely as it was not a Crim.R. 32.1 motion to withdraw.