OPINION
{¶ 1} Charles H. Laster is appealing, pro se, from the decision of the trial court overruling his motion to withdraw his guilty plea to aggravated robbery and felonious assault as part of a plea bargain in which the State dismissed a burglary charge and two firearm specifications which were attached to the aggravated robbery and felonious assault charges. He was sentenced to serve eight years for both charges, concurrently. In a delayed appeal, which this court allowed, his convictions were affirmed. State v. Laster (Mar. 2, 2001), Montgomery App. No. 18134.
 {¶ 2} Laster's subsequent attempts to obtain judicial release and post conviction relief were denied. In his pro se brief, Laster claims the trial court erred in denying his current motion for withdrawal of his guilty plea pursuant to Crim.R. 32.1. He brings the following four assignments of error:
 {¶ 3} "1. The Trial Court Failed To Properly Address Defendant's Crim.R. 32.1 Motion To Withdraw Guilty Plea.
 {¶ 4} "2. The Court's Claim That Defendant's Motion To Withdraw Guilty Plea Is A Post-conviction Is Arbitrary And Unconcionable [sic].
 {¶ 5} "3. The Trial Court Failed To Address Defendant's Claim That His Guilty Plea Was Entered As A Result Of Counsels [sic] Erroneous Advice.
 {¶ 6} "4. The Trial Court Failed To Address Defendant's Addendum To Defendant's Motion To Withdraw Guilty Plea."
 {¶ 7} The trial court denied Laster's motion in part by treating it as a post conviction relief motion and untimely pursuant to R.C. 2953.21
and R.C. 2953.23. Laster argues that this was error because a Crim.R. 32.1 motion to withdraw guilty plea is not subject to the time constraints applicable to post conviction relief motions. The State concedes that the court erred in this matter, pursuant to a clear holding of the Ohio Supreme Court. State v. Bush (2002), 96 Ohio St.3d 235,2002-Ohio-3993. In Bush, the Supreme Court was deciding a conflict between a case out of this court and another, where we reached the same conclusion as did the Supreme Court subsequently. State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479. Thus, Laster's first two assignments of error are sustained, but that does not resolve the question of whether the trial court's decision was erroneous.
 {¶ 8} Laster argues in his third assignment of error that he was misled into a plea of guilty upon erroneous advice of counsel. If true, it would possibly render his plea less than knowing and voluntary and, therefore, he would be allowed to change his plea. However, this court has noted previously that where nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary.Talley, supra. An argument grounded on matters outside the record can only be addressed by a post conviction relief motion. A post sentence motion to withdraw a guilty plea can only be allowed to correct "manifest injustice." Crim.R. 32.1. This court has held that "manifest injustice," as is required to withdraw a guilty plea, comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her. State v. Wheeler, Montgomery App. No. 18717, 2002-Ohio-284, at 3. Thus the availability of the post relief conviction route removes claims based on matters outside the record from the form of extraordinary circumstances demonstrating a manifest injustice. The third assignment of error is overruled.
 {¶ 9} In his fourth assignment of error, Laster contends that the trial court failed to conduct a proper Crim.R. 11 inquiry into whether Laster completely understood the charges against him. He cites the prosecutor's recitation of the case which included a statement that Laster and his companion "jumped" the victim. At the sentencing hearing, Laster stated that there was no "jumping" involved. The colloquial use of the word "jump" was not a part of the indictment of any of the charges against him and thus it did not raise an issue that Laster did not understand the nature of the charges. Furthermore, and dispositive, is the fact that this court overruled Laster's direct appeal and stated "we have found no prejudicial error in the proceedings of the trial court which deprived Defendant of a fair trial." Laster, supra, at 1. The State further points out that because of this decision by this court, the trial court lacked jurisdiction to grant Laster's motion to withdraw his guilty plea on the basis that it failed to comply with Crim.R. 11. The Supreme Court of Ohio has clearly held that Crim.R 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do."State ex rel Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94. The fourth assignment of error is overruled.
 {¶ 10} Thus we find that the trial court's decision was correct, regardless of being improperly based in part upon the timeliness of Laster's petition. The judgment is affirmed.
FAIN, P.J. and WOLFF, J., concur.