DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Bakur Gegia has appealed from a decision of the Summit County Court of Common Pleas that denied his petition for post-conviction and alternative motion to withdraw his guilty plea. This Court reverses.
 I {¶ 2} On December 2, 1999, Appellant was indicted by the Summit County Grand Jury on four counts: aggravated burglary, in violation of R.C. 2911.01(A)(1), with a firearm specification attached; kidnapping, in violation of R.C. 2905.01(A)(2), with a firearm specification attached; grand theft, in violation of R.C. 2913.02(A)(3); and possessing criminal tools, in violation of R.C. 2923.24. Appellant, accompanied by an interpreter, initially entered a plea of not guilty and the case was set for trial. Pursuant to a plea agreement, on February 15, 2000, Appellant withdrew his not guilty plea and pleaded guilty to the charges of aggravated robbery, kidnapping, and the firearm specifications attached to each charge; the other charges were dismissed. The trial court sentenced Appellant accordingly.
 {¶ 3} On October 9, 2002, Appellant filed an untimely petition for post-conviction relief; the petition was captioned to include "AND ALTERNATIVE POSTSENTENCE MOTION TO WITHDRAW A GUILTY PLEA PURSUANT TO [CRIM.R. 32.1]."[1] The state filed a motion to dismiss the petition. The trial court construed the petition as only a petition for post-conviction relief and denied the petition. Appellant has timely appealed, asserting four assignments of error, some of which we have consolidated to facilitate review.
 II Assignment of Error Number One
"The Trial Court Erred When It Failed To Conflate [Appellant's] Post-sentence Motion To Withdraw His Guilty Plea Under The Provisions Of [Crim.R. 32.1]."
 {¶ 4} In Appellant's first assignment of error, he has argued that the trial court erred when it declined to alternatively consider Appellant's petition for post-conviction relief as a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This Court agrees.
 {¶ 5} In ruling on Appellant's petition for post-conviction relief, the trial court held that "[t]he documents filed by [Appellant] must be considered only as a petition for post-conviction relief." The trial court mistakenly relied on State v. Beam (Jan. 9, 2002), 9th Dist. No. 01CA007898, and explained that a motion to withdraw a guilty plea that alleges a constitutional violation as its basis and is filed by a defendant after the time for filing a direct appeal has expired should be treated as a petition for post-conviction relief. The trial court further found that because the petition for post-conviction relief was untimely filed it was governed by R.C. 2953.23. Appellant, the trial court explained, failed to satisfy the threshold requirements necessary for consideration of the merits of his post-conviction petition set forth at R.C. 2953.23(A)(2).
 {¶ 6} This Court has recently addressed whether a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, which is filed after the time for filing a direct appeal has expired, should be viewed as a petition for post-conviction relief. In State v. Gomez, 9th Dist. No. 02CA008036, 2002-Ohio-5255, appeal not allowed (2003), 98 Ohio St.3d 1565,2003-Ohio-2242, we explained:
"Previously, this Court has applied State v. Reynolds (1997),79 Ohio St.3d 158, in holding that a motion filed after the time for direct appeal, seeking to vacate a conviction on a claimed violation of a defendant's constitutional rights, was to be construed as a petition for post-conviction relief. State v. Worstell (July 19, 2000), 9th Dist. Nos. 99CA007345 and 99CA007368, at 5, citing State v. Lewis (Feb. 9, 1999), 9th Dist. No. 98CA007007, at 4.
"We note however, that Reynolds is to be construed in the context of the facts of that case as R.C. 2953.21 and [R.C. 2953.23] do not govern Crim.R. 32.1 post-sentence motions to withdraw guilty pleas. See [Statev. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10 and ¶ 14]. In Bush the Ohio Supreme Court stated that `Reynolds reaches only a motion such as the one in that case — a `Motion to Correct or Vacate Sentence' — that fails to delinate [sic] specifically whether it is a postconviction release petition or a Crim.R. 32.1 motion. Such irregular `no-name' motions must be categorized by a court[.] * * * Our decision in Reynolds set forth a means by which courts can classify such irregular motions.' [Bush, 2002-Ohio-3993, at ¶ 10]. See Reynolds, 79 Ohio St.3d at 160. The Court in Reynolds considered the style and contents of the defendant's vaguely titled `Motion to Correct or Vacate Sentence' and determined that substantively it was a petition for post-conviction relief as it was not filed pursuant to a specific rule of criminal procedure. [Bush, 2002-Ohio-3993, at ¶ 10]." (Emphasis sic.) Gomez, 2002-Ohio-5255, at ¶ 6-7.
 {¶ 7} It is clear from our holding in Gomez that a motion made pursuant to Crim.R. 32.1, regardless of whether it raises a constitutional issue, is separate and distinct from a petition filed pursuant to R.C.2953.21; only when a defendant files a "no name" post-conviction motion, which is not filed pursuant to a specific rule of criminal procedure, should a trial court construe the motion as a "petition for post-conviction relief."[2] See Bush, 2002-Ohio-3993, at ¶ 14 ("Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently."); see, also, Gomez,2002-Ohio-5255, at ¶ 7. This conclusion directly overrules our prior holding in Beam, in which we concluded that "if a defendant files a motion to withdraw a guilty plea after the expiration of time for a direct appeal and alleges a constitutional violation as its basis, the motion must be treated as one for post conviction relief under R.C.2953.21." Beam, supra at 3.
 {¶ 8} Here, Appellant clearly identified the rule under which he was filing his post-sentence motion, i.e., Crim.R. 32.1. Therefore, pursuant to Bush and Gomez, the trial court erred when it considered Appellant's post-sentence motion as only a petition for post-conviction relief. The trial court should have separately entertained those arguments contained in the dual post-sentence motion that pertained to Appellant's motion to withdraw his guilty plea. Accordingly, Appellant's first assignment of error is well taken.
 Assignment of Error Number Two
"The Trial Court Erred When It Failed To Give The Required Advisement Listed In [R.C. 2943.031(A)], And By Leaving [Appellant] With The False Impression That He Has A Better Chance Of Being Returned To His Home Country If He Waived His Trial Rights And [Pleaded] Guilty."
 Assignment of Error Number Three
"[Appellant] Was Denied His Rights Under Article 36 Of The Vienna Convention On Consular Relations (1) To Have The Assistance Of The Republic Of Georgia Consul At The Time Of His Interrogation And Throughout The Ensuing Criminal Proceedings And (2) To Be Informed Of These Rights By The Arresting Authorities `without Delay' When He Was Detained And Taken Into Custody."
 Assignment of Error Number Four
"[Appellant's] Guilty Plea Violated His Fifth And Fourteenth Amendment Rights Because He [Pleaded] Guilty Without Having The Effective Assistance Of Counsel."
 {¶ 9} In Appellant's second, third, and fourth assignments of error he has essentially argued that: 1) the trial court erred when it failed to comply with R.C. 2943.031 before accepting Appellant's guilty plea; 2) the trial court erred when it denied Appellant his rights under the Vienna Convention on Consular Relations; and 3) his constitutional rights were violated as a result of the ineffective assistance of counsel. We decline to address Appellant's remaining assignments of error in light of our disposition of his first assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 10} Appellant's first assignment of error is sustained, and we decline to address the remaining assignments of error. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
BAIRD, P.J., CARR, J. CONCUR
[1] Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
Appellant did not file a direct appeal. Thus, Appellant should have filed his petition for post-conviction relief no later than October 4, 2000, which is one hundred eighty days after the time for filing a direct appeal expired. However, Appellant did not file his petition for post-conviction relief until October 22, 2002. As such, Appellant's petition was untimely filed.
[2] We also note that motions to withdraw guilty pleas, unlike petitions for post-conviction relief, are not subject to the time constraints applicable to post-conviction relief motions. State v.Laster, 2nd Dist. No. 19387, 2003-Ohio-1564, at ¶ 7.