JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Petitioner-appellant Tony B. Sayles presents on appeal a single assignment of error, in which he contends that the common pleas court erred in dismissing his petition for postconviction relief. We find no merit to this contention.
In January of 1991, a Hamilton County jury found Sayles guilty on two counts of aggravated burglary. The trial court sentenced him to concurrent terms of imprisonment of six-to-twenty-five years, suspended the prison terms, and placed Sayles on five years' probation. In December of 1991, the court declared Sayles to be an absconder from its jurisdiction, declared that his probation period would be tolled until he was again brought before the court,[1] and ordered that an arrest warrant be issued.
The arrest warrant resurfaced almost nine years later, when in September of 2000 Sayles was arrested for an unrelated offense. On February 13, 2001, the trial court revoked Sayles's probation and ordered him to serve the suspended six-to-twenty-five-year prison terms.
Sayles did not appeal the revocation of his probation. Instead, on May 5, 2004, over three years after his probation had been revoked, he filed with the common pleas court a "Motion to Vacate Sentence." In his motion, Sayles sought relief from the judgment revoking his probation on the ground that the trial court had lost jurisdiction when the five-year probation period had expired. The common pleas court construed the motion as a petition for postconviction relief pursuant to R.C. 2953.21 et seq. and declined to entertain the petition on the ground that it was late and did not satisfy the requirements of R.C. 2953.23(A).
Sayles failed in his "Motion to Vacate Sentence" to designate the statute or rule under which he sought relief. We conclude that the common pleas court properly construed the motion as an R.C. 2953.21 petition for postconviction relief. See State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 10.[2]
Sayles also failed to file his petition within the time prescribed under R.C. 2953.21(A)(2). We hold that the common pleas court properly declined to entertain Sayles's postconviction claim, because the record failed to demonstrate either that he had been unavoidably prevented from discovering the facts underlying his claim, or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired. See R.C. 2953.23(A).
Accordingly, we overrule the sole assignment of error and affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] R.C. 2951.07 provided at the time that if a probationer "abscond[ed] * * * from the jurisdiction of the court * * *, the probation period cease[d] to run until such time as he [was] brought before the court for its further action."
[2] The court in Bush, construing its decision in State v.Reynolds (1997), 79 Ohio St.3d 158, 1997-Ohio-304,679 N.E.2d 1131, held that a common pleas court confronted with a collateral attack upon a criminal conviction in the form of "an irregular `no-name' motion," i.e., a postconviction motion that fails to delineate the statute or rule under which it seeks relief, must "classify" or "categorize" the motion "in order for the court to know the criteria by which the motion should be judged."State v. Bush, supra, at ¶ 10.