JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Petitioner-appellant Ronald Steele presents on appeal two assignments of error that, in essence, challenge the judgment of the common pleas court denying his petition for postconviction relief. Finding no merit to this challenge, we affirm the judgment of the common pleas court.
In October of 2002, Steele was convicted, upon guilty pleas, of trafficking in marijuana, possession of marijuana, and possession of heroin. The trial court sentenced him on each charge to a prison term of five years and ordered that the terms be served concurrently. Steele did not appeal his convictions.
Instead, in November of 2003, Steele filed with the common pleas court a "Motion for Modification of Sentence pursuant to Crim.R. 47 * * *." In his motion, Steele cited the August 2003 decision of the Ohio Supreme Court in State v. Comer[1] in support of his contention that the trial court had sentenced him in violation of R.C. 2929.14(B) when it imposed nonminimum prison terms without making the necessary findings. The common pleas court construed the motion as a petition for postconviction relief pursuant to R.C. 2953.21 et seq. and declined to entertain the petition on the ground that it was late and did not satisfy the requirements of R.C.2953.23(A).
We hold that the common pleas court properly construed Steele's motion as an R.C. 2953.21 petition for postconviction relief. The Ohio Supreme Court, in State v. Bush, held that a common pleas court confronted with a collateral attack upon a criminal conviction in the form of "an irregular `no-name' motion," i.e., a postconviction motion that fails to delineate the statute or rule under which it seeks relief, must "classify" or "categorize" the motion "in order for the court to know the criteria by which the motion should be judged."[2] Steele sought in his postconviction motion "[m]odification" of his sentence "pursuant to Crim.R. 47." But the rule merely prescribes the form of and the proceedings upon a motion; it did not empower the common pleas court to grant the relief sought by Steele from his judgment of conviction. Moreover, the General Assembly has designated "the remedy set forth in [R.C. 2953.21 to be] the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."[3] Thus, we cannot say that the common pleas court erred when it reviewed Steele's motion under the standards provided by R.C. 2953.21 et seq.
Steele failed to file his petition within the time prescribed under R.C. 2953.21(A)(2). And the record does not demonstrate either that Steele had been unavoidably prevented from discovering the facts underlying his claim, or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired. We, therefore, hold that the common pleas court properly declined to entertain Steele's postconviction claim.[4]
Accordingly, we overrule the assignments of error and affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
[2] 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 10 (construing State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304,679 N.E.2d 1131).
[3] R.C. 2953.21(J).
[4] See R.C. 2953.23(A).