JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Vince Dye, appeals the judgment of the Hamilton County Court of Common Pleas denying his postsentence motion to withdraw guilty pleas. For the following reasons, we affirm the trial court's judgment.
On July 23, 2001, Dye entered guilty pleas to three counts of rape. On November 27, 2001, the trial court imposed an agreed aggregate sentence of thirteen years' incarceration.
On January 14, 2004, Dye filed a motion to withdraw the guilty pleas, alleging that the state had withheld exculpatory evidence and that he had not known that the thirteen-year sentence was a mandatory term. The trial court denied the motion to withdraw.
In his first assignment of error, Dye now argues that the trial court erred in denying the motion to withdraw the guilty pleas on the basis of the allegedly withheld evidence.
Pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty or no-contest plea may be granted only to correct a "manifest injustice."[1]
The determination of whether such a showing has been made is within the discretion of the trial court and will not be reversed absent an abuse of discretion.[2] A trial court may consider an undue delay in the filing of a motion to withdraw as a factor in denying the motion.[3]
Here, we find no abuse of discretion in the trial court's denial of the motion with respect to the allegedly withheld evidence. The evidence submitted in support of the motion was an affidavit of the rape victim's mother stating that the rapes had not occurred. Although the attestation on the affidavit indicated that it had been prepared prior to the entry of the guilty pleas, there was no indication that the prosecution had been aware of the affidavit's existence or of the assertions made in the affidavit. Moreover, as the trial court correctly noted, the victim's mother was not a witness to the alleged rapes, and her purported recantation of the allegations would have been of minimal value.
Dye also argues that the prosecutor had engaged in misconduct by promising him a non-mandatory sentence and then not fulfilling that promise. As we discuss more fully under the second and third assignments of error, Dye's misapprehension as to the nature of the sentence did not mandate the vacation of the pleas. The first assignment of error is overruled.
In the second and third assignments of error, Dye argues that the both his trial counsel and the trial court were deficient in failing to inform him that the prison term for the rapes was a mandatory term. We address the assignments together.
We first note that the thirteen-year prison term was an agreed sentence, and Dye has made no showing that he had relied on the prospect of judicial release or other means of reducing his actual sentence when he entered the guilty pleas. Moreover, as Dye concedes, prison officials had informed of the mandatory nature of the sentence immediately upon his arrival at prison. His failure to raise the argument for over two years after beginning the sentence justified the trial court's refusal to vacate the pleas. The second and third assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
[2] Id., paragraph two of the syllabus.
[3] Id., paragraph three of the syllabus; State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 14.