[Cite as *State v. Hopkins*, 2017-Ohio-2813.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                           Court of Appeals No. E-16-072

      Appellee                                     Trial Court No. 2009-CR-520

v.

Maurice Hopkins                                  **DECISION AND JUDGMENT**

      Appellant                                    Decided:  May 12, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

Maurice Hopkins, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Maurice Hopkins, appeals from the October 1, 2016 judgment of

the Erie County Court of Common Pleas denying the motion of appellant to correct a

void judgment and sentence.  For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellant asserts the following single assignment of error:

IT WAS ERROR FOR THE COURT TO DENY APPELLANT'S

PETITION TO CORRECT VOID JUDGMENT AND SENTENCE.

**{¶ 3}** In 2010, appellant was convicted following a jury trial of aggravated burglary with a firearm specification, having a weapon while under a disability, felonious assault with a firearm specification, and attempted murder with a firearm specification. Appellant was also found to be a repeat violent offender. He was sentenced June 1, 2010, to 34 years in prison. Appellant's sentence was affirmed on appeal. *State v. Hopkins*, 6th Dist. Erie No. E-10-027, 2011-Ohio-5908. On August 4, 2016, appellant filed a petition to correct a void judgment and sentence, which the trial court "denied" on October 3, 2016.

**{¶ 4}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus, *limited by State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, syllabus (excluding motions to withdraw a guilty plea). This statute requires such petitions to be filed with 365 days after the date on which the trial transcript is filed in the court of appeals unless the time limit is excused. R.C. 2953.21(A)(2). The filing time requirement is jurisdictional, and if a petition has been untimely filed, the trial court

2.

cannot consider the substantive merits of the petition and must summarily dismiss it without addressing the merits of the petition. *State v. Flower*, 7th Dist. Mahoning No. 14 MA 148, 2015-Ohio-2335, ¶ 12, citing *State v. Beaver*, 131 Ohio App.3d. 458, 461, 722 N.E.2d 1046 (11th Dist.1998).

{¶ 5} In this case, appellant filed his appeal on June 30, 2010, and the trial transcript was filed December 29, 2010. Therefore, his petition is untimely. The trial court denied the motion. While, we find the trial court should have dismissed the motion as untimely filed, rather than denying it, the trial court's error does not warrant reversal of the trial court judgment because appellant was not prejudiced by the error. *Stammco, L.L.C. v. United Tel. Co. of Ohio,* 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51 ("a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons"). Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 6} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                          JUDGE

Arlene Singer, J.

                                 _____
James D. Jensen, P.J.                     JUDGE
CONCUR.

                                 _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.