OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, John White, pro se appeals the judgment of the Mahoning County Court of Common Pleas which denied his motion to vacate and/or correct his sentence. The doctrine of res judicata bars White's ability to raise any issue in his motion which was or could have been raised in a previous appeal regardless of whether we construe his motion as a petition for post-conviction relief or as a motion to withdraw his guilty plea. But if we construe White's motion as a motion to withdraw his plea, then we can consider whether the prosecutor violated the plea agreement and counsel's ineffectiveness regarding the plea.
 {¶ 2} Because of the doctrine of res judicata, White cannot argue whether the trial court properly accepted his guilty plea or sentenced him to prison. Further, his argument that the prosecutor violated the terms of the plea agreement is not supported by the facts of the case. Accordingly, the trial court's decision denying White's motion is affirmed.
 Facts {¶ 3} White was indicted for felonious assault for shooting a man with a pellet gun. Although White initially pled not guilty to the offense, he eventually entered into a plea agreement with the prosecutor. In exchange for White's guilty plea to aggravated assault, a fourth degree felony, the State agreed to stand silent at sentencing. The trial court held a change of plea hearing that day, accepted White's guilty plea, and ordered that a pre-sentence investigation report be prepared.
 {¶ 4} At White's sentencing hearing, the State remained silent. The trial court found that White was not amenable to community control and posed the greatest likelihood of recidivism. Accordingly, it sentenced him to the maximum prison term for a fourth degree felony, eighteen months.
 {¶ 5} Two and one-half months after White was sentenced, he sought judicial release, which the trial court denied. White then filed a pro se motion to vacate and/or correct his sentence. In that motion, White argued that the trial court should grant his motion for three reasons. First, he claimed that the State violated its plea agreement with him by not staying silent at the hearing regarding his motion for judicial release. Second, he contended that the trial court did not ensure that he was making a voluntary, knowing guilty plea. Third, he argued the trial court failed to comply with the felony sentencing statutes when it sentenced him to a maximum prison sentence. The trial court denied his motion.
 Post-Conviction {¶ 6} White raises five assignments of error that argue:
 {¶ 7} "The plea bargain was broken when the prosecutor failed to remain silent as agreed to at sentencing."
 {¶ 8} "Trial court erred as a matter of law when it failed to fully advise the defendant of what rights he would give up by his plea of guilty."
 {¶ 9} "Trial court failed to personally address the defendant to ask if any threats, promises or inducements were made to obtain his guilty plea."
 {¶ 10} "Trial court failed to comply with R.C. 2929.14
through 2929.19 when the maximum sentence was imposed on fourth degree felony offense."
 {¶ 11} "Trial counsel was ineffective for allowing the judge to not properly comply with Criminal Rule 11(C), failure to force the prosecutor to comply with plea agreement and for not objecting to incorrect information contained in presentence report (PSI)."
 {¶ 12} Before we can deal with the merits of White's assignments of error, we must address the arguments the State raises in its brief. As the State points out, White describes his motion to vacate and/or correct a defendant's sentence as a petition for post-conviction relief rather than a motion to withdraw his guilty plea. Thus, the State argues that we must treat his motion as a petition for post-conviction relief. We note that there is no provision in the Criminal Rules for a motion to vacate and/or correct a defendant's sentence. If White's motion were a petition for post-conviction relief, his assignments of error would be meritless for two reasons.
 {¶ 13} First, the petition was not filed within one hundred eighty days of the sentencing entry. Additionally, White did not attempt to show either 1) that he was "unavoidably prevented" from discovering the facts which he is now relying on to present his claims for relief or 2) that the United Stated Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation and the petition asserts a claim based on that right. Indeed, since White's arguments are largely based on what occurred on the record, he could not have been "unavoidably prevented" from discovering the facts which form the basis of his claims for relief. Accordingly, if this motion were to be treated as a petition for post-conviction relief, then it was properly dismissed as untimely. See R.C. 2953.21(A)(2); R.C. 2953.23(A)(1).
 {¶ 14} Second, White's motion does not state a valid post-conviction claim. A petition for post-conviction relief may be dismissed, based on the doctrine of res judicata, when the petitioner could have raised the issues in his petition on direct appeal without resorting to evidence which is beyond the scope of the record. State v. Scudder (1998), 131 Ohio App.3d 470, 475;State v. Spivey (Mar. 21, 2002), 7th Dist. No. 00 CA 106. White did not file a direct appeal from either his sentencing entry or the entries denying his motion for judicial release. Each of his current assignments of error could have been raised in direct appeals of those judgment entries. Accordingly, if White's motion were to be treated as a petition for post-conviction relief, then the trial court properly denied the petition.
 {¶ 15} As can be seen, if we were to treat White's motion to vacate and/or correct his sentence as a petition for post-conviction relief, then our review of the trial court's decision would be simple. But White was acting pro se when filing and appealing that motion. Accordingly, the fact that he describes that motion as a petition for post-conviction relief in his appellate brief is not binding upon this court. White's assignments of error and his arguments are better suited to being argued in a motion to withdraw a guilty plea. Accordingly, in the interests of justice we will construe White's motion to vacate and/or correct a defendant's sentence as a motion to withdraw his guilty plea.
 Motion to Withdraw a Guilty Plea {¶ 16} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 8. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977),49 Ohio St.2d 261, paragraph two of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 17} The State argues that the doctrine of res judicata applies to many of White's assignments of error even if we construe his motion as a motion to withdraw a guilty plea. We agree. A criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. State v. Wright,
7th Dist. No. 01 CA 80, 2002-Ohio-6096, ¶ 37; see also State v.Reynolds, 3rd Dist. No. 12-01-11, 2002-Ohio-2823; State v.Reed (Oct. 5, 2001), 2nd Dist. No. 01CA0028; State v. Wyrick
(Aug. 31, 2001), 5th Dist. No. 01CA17; State v. Unger (May 23, 2001), 4th Dist. No. 00CA705; State v. Clemens (May 31, 2000), 9th Dist. No. 19770; State v. Jackson (Mar. 31, 2000), 11th Dist. No. 98-T-0182; State v. Jefferies (July 30, 1999), 6th Dist. No. L-98-1316. This is because a motion to withdraw a plea under Crim.R. 32.1 is the equivalent of a motion under Civ.R. 60(B).
 {¶ 18} "Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. Doe v.Trumbull Cty. Children's Services Bd. (1986), 28 Ohio St.3d 128,502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1.
 {¶ 19} "Failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App.R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief." State v. Hartzell (August 20, 1999), 2nd Dist. No. 17499, 2.
 {¶ 20} This, in effect, prevents a criminal defendant from having a second bite at the apple. If a defendant believes that the trial court has committed an error, then he should raise that error at the first possible opportunity, not in a collateral attack. The doctrine of res judicata applies to issues raised in a motion to withdraw a guilty plea in the same way that the doctrine applies to issues raised in a petition for post-conviction relief. State v. Wheeler (Jan. 25, 2002), 2nd Dist. No. 18717.
 {¶ 21} We have recognized two exceptions to this rule which apply in this case. A defendant may move to withdraw a guilty plea based on the prosecutor's violation of the terms of a plea agreement. See State v. Namack, 7th Dist. No. 01 BA 46, 2002-Ohio-5187, ¶ 26-27. Likewise, a criminal defendant may argue that he did not have effective assistance of counsel as the basis of a motion to withdraw a guilty plea. State v. Xie (1992),62 Ohio St.3d 521, 524.
 {¶ 22} White's first and fifth assignments of error argue that the prosecutor breached its plea agreement with him and that White's counsel was ineffective for failing to object to the prosecutor's breach of that agreement. Accordingly, those claims are not barred by the doctrine of res judicata. But the remainder of White's assignments of error deal with the trial court's compliance with Crim.R. 11 when accepting his guilty plea and the legality of the sentence the trial court imposed upon him. These claims are barred by the doctrine of res judicata and we will not consider the merits of those arguments.
 {¶ 23} White next argues that the State violated the terms of the plea agreement by giving a recommendation during the hearing on White's motion for judicial release. In the plea agreement, the State agreed to stay silent at sentencing, but did not agree to take any particular action regarding a motion for judicial release.
 {¶ 24} White's argument demonstrates that he is confusing a sentencing hearing with a hearing on a motion for judicial release. These are two distinct proceedings which bear little relation to each other and the State's promise to stay silent at one has no bearing on its actions at the other. Since the State informed the trial court that it would be standing silent for the purposes of sentencing, it complied with the plea agreement. White's argument to the contrary is meritless.
 {¶ 25} In order to demonstrate the ineffective assistance of counsel, White would have to prove, among other things, that counsel's performance was somehow deficient and that deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687. Since the State did not breach the plea agreement, counsel could not have been expected to object to its actions. White's arguments relating to the State's failure to stay silent at the hearing on his motion for judicial release are meritless. Since the State did not violate the plea agreement, the trial court did not abuse its discretion by denying White's motion to withdraw his guilty plea for this reason.
 {¶ 26} Finally, White also claims that counsel was ineffective for not informing the trial court during the hearing on the motion for judicial release that there was some incorrect information in the pre-sentence investigation report. But he fails to identify what information was incorrect or how he was prejudiced by any incorrect information. Accordingly, White has failed to demonstrate that counsel was ineffective during that hearing and the trial court did not abuse its discretion when denying his motion to withdraw his guilty plea for this reason.
 Conclusion {¶ 27} In conclusion, the doctrine of res judicata bars White from raising many of the arguments he makes in his motion to vacate and/or correct his sentence regardless of whether or not we treat that motion as a petition for post-conviction relief or a motion to withdraw a plea. White could have raised his arguments concerning the legality of his sentence and his guilty plea in a direct appeal from the trial court's sentencing entry. He did not. He may not raise them now.
 {¶ 28} White's remaining arguments are meritless because the State did not breach the terms of the plea agreement. In that agreement, the State promised to stay silent at sentencing, but made no promise to stay silent regarding a motion for judicial release. The State then remained silent at the sentencing hearing. Since there was no basis to any of White's claims, the trial court did not abuse its discretion when denying his motion.
 {¶ 29} Accordingly, the judgment of the trial court is affirmed.
Waite, P.J., concurs.
Vukovich, J., concurs.