OPINION
{¶ 1} Appellant, George A. Dougherty, appeals the judgment entry of the Geauga County Court of Common Pleas denying his "Motion to Correct Improper Sentence."
 {¶ 2} On March 19, 2003, appellant was indicted on one count of Possession of Marijuana in violation of R.C. 2925.11(A)(C)(3)(f), a felony of the second degree. This charge carried with it a mandatory eight year term of incarceration. On May 12, 2003, appellant entered into a plea agreement wherein he pleaded guilty to a lesser included offense of Possession of Marijuana in violation of R.C. 2925.11(A)(C)(3)(e), a felony of the third degree. Pursuant to the agreement, appellant agreed to a three year period of incarceration and a $5,000 mandatory fine.
 {¶ 3} At the plea and sentencing hearing, the state read the plea agreement into the record. The trial court conducted its requisite plea colloquy and on May 12, 2003, sentenced appellant to a prison term of three years pursuant to the plea agreement. Appellant did not file a direct appeal on this judgment entry.[1] On October 31, 2003, appellant filed a "motion to correct improper sentence." On November 5, 2003, the trial court overruled appellant's motion for failure to state sufficient grounds to warrant an evidentiary hearing. Appellant now appeals.
 {¶ 4} Appellant's sole assignment of error alleges: "[t]he trial court erred in denying appellant's pro se motion to correct improper sentence filed pursuant to R.C. 2953.21."
 {¶ 5} In his motion, and on appeal, appellant contends that he was misinformed regarding the nature of the sentence he was obligated to serve given the charge to which he pleaded. Specifically, appellant argues the trial court stated his three year prison term was "mandatory." Under the circumstances, appellant contends the three year sentence was not mandatory, but permissive. Appellant claims he based his plea upon this misinformation and therefore neither knowingly nor voluntarily pleaded to the count in question.
 {¶ 6} That said, appellant maintains his "motion to correct improper sentence" was made pursuant to R.C. 2953.21, Ohio's post-conviction relief statute, which requires a trial court to hold an evidentiary hearing where a petitioner asserts "substantive grounds for relief." R.C. 2953.21(C). Appellant submits his contentions are supported by the record and thus meet the requirements for an evidentiary hearing. Appellant also points out that the trial court erred in failing to issue findings of fact and conclusions of law when it denied his "petition." R.C. 2953.21(G).
 {¶ 7} In response, the state contends that while appellant styled his "motion to correct improper sentence" as a petition for post-conviction relief, it should be treated, under the circumstances, as a Crim.R. 32.1 motion to withdraw guilty plea. In support, the state directs our attention to State v. White, 7th Dist. No. 03 MA 168, 2004-Ohio-2809, a recent case decided by the Seventh Appellate District with analogous facts to the instant matter.
 {¶ 8} If we were to treat appellant's "motion to correct improper sentence" as a petition for post-conviction relief, he would be entitled to a remand based upon the trial court's failure to file findings of fact and conclusions of law. However, while appellant's "motion to correct improper sentence" was characterized as a petition for post-conviction relief, it failed to set forth a specific constitutional challenge to his conviction. R.C. 2953.21(A)(1)(a) provides, in relevant part:
 {¶ 9} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 10} To attack a plea on the basis that it was not entered into knowingly or voluntarily is an attack on the "non-constitutional" components of Crim.R. 11(C). See, e.g., State v. Scarnati, 11th Dist. No. 2001-P-0063, 2002-Ohio-711, 2002 Ohio App. LEXIS 776, at 9, (holding Crim.R. 11(C)(2)(a) and (b), those provisions designed to ensure a party's plea is "knowingly, intelligently, and voluntarily" entered, are non-constitutional and thus require only substantial compliance and not a rote recitation of language of the rule). See, also, State v. Nero
(1990), 56 Ohio St.3d 106, 108, (holding, literal compliance with Crim.R. 11 is preferred but substantial compliance allows the court to infer from the totality of the circumstances that the defendant understood the charges against him.).
 {¶ 11} That is not to say the constitution would countenance a plea entered involuntarily or without full knowledge of the implications of a defendant's waiver.
 {¶ 12} "What is at stake for an accused facing * * * imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * * and forestalls the spin-off of collateral proceedings that seek to prove murky memories." (Internal citations omitted). Boykinv. Alabama (1969), 395 U.S. 238, 244.
 {¶ 13} Accordingly, to satisfy constitutional due process concerns, a guilty plea must involve an "intentional relinquishment or abandonment" of known rights or privileges. Johnson v. Zerbst (1938), 304 U.S. 458, 464. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthyv. United States (1969), 394 U.S. 459, 466. Such can be accomplished without specifically mimicking the lettered protocol of Crim.R. 11(C).
 {¶ 14} Here, appellant asserts a "due process" violation; however, the record does not support his contention that his constitutional rights were so violated as the plea hearing demonstrates the trial court substantially, if not literally, complied with the requirements of Crim.R. 11. As appellant's contentions fail to assert a constitutional error, they are outside the purview of post-conviction relief. Appellant's "motion to correct improper sentence" more closely resembles a Crim.R. 32.1 post-sentence motion to withdraw his guilty plea. Accordingly, we accept the state's invitation to apply the Seventh Appellate District's holding in White, supra, to the instant matter.
 {¶ 15} In White, the defendant pleaded guilty to aggravated assault, a felony of the fourth degree. White was eventually sentenced to the maximum eighteen months in prison. Two and one-half months subsequent to White's sentence he sought judicial release which the trial court denied. White then moved the trial court, pro se, to "vacate and/or correct his sentence." White set forth several bases for his motion, one of which was the trial court's failure to ensure his plea was entered knowingly and voluntarily. The trial court also denied this motion. On appeal, the state argued the motion should be treated as a petition for post-conviction relief.[2] The Seventh District disagreed, in part because White's motion failed to state a valid post-conviction claim. The court held the arguments set forth in White's motion were "better suited to being argued in a motion to withdraw a guilty plea." Id. at ¶ 15.
 {¶ 16} Crim.R. 32.1 provides that a court may grant a party's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 8. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. In our view, the trial court did not abuse its discretion in overruling appellant's motion.
 {¶ 17} Appellant was indicted on an offense carrying a mandatory eight year prison term. Upon accepting the state's plea offer, appellant agreed to a sentence of three years: Five years below the mandatory penalty set forth by the statute upon which he was indicted. The court ensured appellant understood the nature of this agreement.
 {¶ 18} Specifically, during the plea hearing, the prosecutor read the terms of the plea agreement into the record; to wit:
 {¶ 19} "[The Prosecutor:] Again pursuant to that agreement the defendant will be entering a plea of guilty to a lesser included offense of the crime as charged, specifically, a violation of Revised Code Section 2925.11(A)(C)(3)(e), that being possession of marijuana, a felony of the third degree. The state of Ohio and the defendant agree to the following sentencing recommendation:
 {¶ 20} "The defendant will be incarcerated in a state penal institution for a period of three years and will pay a $5,000 mandatory fine.
 {¶ 21} "* * *
 {¶ 22} "The Court: Mr. Dougherty, Do you understand the plea agreement?
 {¶ 23} "The Defendant: Yes, sir, I do.
 {¶ 24} The court then engaged appellant in a colloquy to make certain he knew the nature and consequences of his plea. The court inquired into (1) whether appellant understood that he was admitting to committing the crime of possession of marijuana, a felony of the third degree; (2) whether he understood he was giving up all defenses to the charge; (3) whether he had any threats or promises made in exchange for a plea of guilty; (4) whether he was under the influence of drugs or alcohol; (5) whether he has been found to be mentally ill; and (6) the applicability of community control sanctions.
 {¶ 25} Moreover, the court fully explained that, in accepting the plea, appellant would be waiving: (1) the Fifth Amendment privilege against self incrimination, (2) the right to a jury trial, (3) the right to confront accusers, (4) the right to compulsory process of witnesses, and (5) the right to be proven guilty beyond a reasonable doubt.
 {¶ 26} The court eventually queried:
 {¶ 27} "The Court: In regards to the plea agreement I will be sentencing you to three years in prison; that's a mandatory three years. There is no application to get out early. You understand that?
 {¶ 28} "The Defendant: Yes, sir.
 {¶ 29} "The Court: You also understand there is a mandatory fine of $5,000?
 {¶ 30} "The Defendant: Yes, sir."
 {¶ 31} In the context of the entire dialogue, appellant acceded to the conditions of the plea agreement which involved a three year term of incarceration and a $5,000 fine. These conditions were spelled out in the agreement and, to the extent appellant was agreeing to these terms, he was bound by them, i.e. the conditions of the agreement were mandatory and thus reflected the actual term of incarceration appellant would serve. The judge's comment regarding the "mandatory" nature of the prison sentence was not a misstatement of the law; rather, it was an attempt to ensure appellant was aware that the terms he was agreeing to required a three year term of incarceration without the privilege of judicial release or the like. In other words, the judge was clarifying that, by the terms of his agreement, appellant would be serving no less than three years in prison. This statement, placed in the proper context, illustrates a fidelity rather than an affront to the spirit of Crim.R. 11(C).
 {¶ 32} As there was no manifest injustice, the trial court did not act arbitrarily or unreasonably in overruling appellant's Crim.R. 32.1 post-sentence motion to withdraw his guilty plea. Appellant's sole assignment of error is overruled.
 {¶ 33} For the above reasons, the judgment entry of the Geauga County Court of Common Pleas is hereby affirmed.
Ford, P.J., Grendell, J., concur.
[1] R.C. 2953.08 sets forth grounds for appeal by a defendant or prosecutor of a felony sentence. Pursuant to R.C. 2953.08(D), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *" Here, appellant and the prosecution agreed jointly to appellant's sentence. As such, his sentence was not reviewable on appeal.
[2] In White, if the court treated the appellant's motion as a petition for post conviction relief, it could have been denied without examination as untimely.