JOURNAL ENTRY and OPINION
{¶ 1} Appellant Keith Allen appeals the trial court's decision denying his motion to withdraw his guilty plea and finding that he violated probation. He assigns three errors for our review:
"I. The trial court erred in not allowing the appellant towithdraw his guilty plea."
 "II. The trial court erred in convicting the appellant of aprobation violation without written notice and based upon unsworntestimony."
 "III. The trial court erred in imposing a prison sentence uponMr. Allen for a single violation of testing positive for drugs."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} This court allowed Allen to file this delayed appeal where he challenged the trial court's denial of his post-sentence motion to withdraw his plea. The historical facts show that Allen pleaded guilty to one count of felonious assault for punching his supervisor, who suffered a concussion. At the sentencing hearing, the trial court imposed a two-year prison term; Allen objected, arguing he had been promised probation. He orally moved to withdraw his plea.
 {¶ 4} During the ensuing discussion, Allen informed the trial court that he had been promised probation. At no time did he raise the argument that he believed that he had pleaded guilty to a misdemeanor assault rather than a felony assault.
 {¶ 5} After the discussion regarding the promise of probation versus jail time, the trial court retracted the two-year prison term and imposed two years of community control sanctions. The journal entry stated in part the following:
"[D]efendant is sentenced to 2 years of community control,under the supervision of the Adult Probation Department with thefollowing condition(s): Defendant to abide by the rules andregulations of the probation department. Defendant to besupervised by intensive special probation for first year; perform100 hours of court community work service; submit to random drugtesting; attend anger management program."[1]
 {¶ 6} Allen did not appeal his conviction and sentence.
 {¶ 7} A year-and-a-half later, Allen tested positive for cocaine, failed to report to his probation officer on March 15, 2005, and had pending a new case for two counts of gross sexual imposition. The court issued a warrant for his arrest and scheduled a probation violation hearing.
 {¶ 8} At the hearing, Allen admitted the allegations, and the trial court found that Allen had violated the conditions of his probation and sentenced him to four years in prison.
 {¶ 9} On May 19, 2005, Allen filed a motion to reconsider his sentence and a written motion to withdraw his guilty plea, which the trial court denied.
 Post-Sentence Plea Withdrawal Motion {¶ 10} In his first assigned error, Allen challenges the trial court's denial of his written motion to withdraw his guilty plea. Allen's attack on his guilty plea comes after he had served a portion of his sentence. A post-sentence motion to withdraw a plea is serious and will be granted only to prevent a manifest injustice.[2] Allen has the burden of establishing operative facts that would establish that the motion should be granted to prevent a manifest injustice.[3] A manifest injustice is an extremely high standard, which permits withdrawal of a plea only in extraordinary cases.[4] This usually occurs when an appellant can show that he was promised a specific outcome as an inducement for his plea.
 {¶ 11} In this case, Allen has failed to meet the high standard of manifest injustice. In fact, Allen has had his opportunity to address this issue when he challenged the original sentence. When he complained that he had been promised probation, the trial court rectified the situation and cured any manifest injustice by giving him probation.
 {¶ 12} Allen cannot now complain that he misunderstood the charge. Res judicata bars his objection. "If a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied."[5]
Consequently, his first assigned error is overruled.
 Probation Revocation {¶ 13} In his second assigned error, Allen argues he did not receive written notice regarding his probation violations, and his conviction was based on unsworn testimony.
 {¶ 14} A defendant is entitled to due process, which includes a written notice of probation violations.[6] However, failure to timely object to this due process violation during a probation revocation proceeding waives any error.[7] Allen failed to raise any objections during his probation revocation hearing; therefore, he waives any error.
 {¶ 15} Allen also argues his conviction was based on unsworn testimony. Allen failed to object to the probation officer's testimony; therefore, he waived any error as to the testimony.[8] Accordingly, Allen's second assigned error is overruled.
 {¶ 16} In his third assigned error, Allen admits he tested positive for crack cocaine, but argues that R.C. 2929.13(E)(2) specifically excludes prison time for a first-time positive drug result.
 {¶ 17} Although R.C. 2929.13(E)(2) excludes prison time for a first-time positive drug result, the court also revoked Allen's community control sanctions based on his failure to report to his probation officer. Therefore, the drug test violation was not the sole basis of the revocation of his community control sanctions.
 {¶ 18} Allen also argues he could not have been found guilty for failing to report to his probation officer because he should have been removed from intensive special probation in October 2004. The record does not support Allen's contention. The record shows that he was placed on two years of community control sanctions, which required him to report to his probation officer. Accordingly, Allen's third assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Calabrese, Jr., J., concur.
[1] Journal Entry, November 17, 2003.
[2] State v. Smith (1977), 49 Ohio St.2d 261, 264.
[3] Id.
[4]Id.
[5] State v. Brown, Cuyahoga App. No. 84322, 2004-Ohio-6421
at ¶ 7; State v. White, 7th Dist. No. 03 MA 168,2004-Ohio-2809 at ¶ 20; State v. Young, 4th Dist. No. 03CA782, 2004-Ohio-2711; State v. Miller, 9th Dist. No. 03CA008259, 2003-Ohio-6580.
[6] Gagnon v. Scarpelli (1973), 411 U.S. 778,36 L.Ed. 2d 656, 93 S.Ct. 1756; State v. Williams (1988),43 Ohio App.3d 184, 186-187.
[7] State v. Henderson (1989), 62 Ohio App.3d 848, 853; see, also, State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
[8] State v. Williams (1977), 51 Ohio St.2d 112; State v.Rose, (Mar. 20, 1997), Cuyahoga App. No. 70984.