[Cite as *State v. Ranalli*, 2010-Ohio-5941.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 15 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHRISTIAN RANALLI | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                              Common Pleas of Mahoning County,
                              Ohio
                              Case Nos. 05 CR 600; 06 CR 941

JUDGMENT:                     Reversed and Remanded.
                              Vacated.


APPEARANCES:
For Plaintiff-Appellee:       Atty. Paul J. Gains
                              Mahoning County Prosecutor
                              Atty. Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:      Atty. Timothy Young
                              Ohio Public Defender
                              Atty. Melissa M. Prendergast
                              Assistant State Public Defender
                              250 East Broad Street, Suite 1400
                              Columbus, Ohio  43215


JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  November 24, 2010

WAITE, J.

**{¶1}** In this delayed appeal, Appellant, Christian Ranalli, challenges the judgment entry of the Mahoning County Court of Common Pleas convicting him on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(d), a felony of the second degree, one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(d), a felony of the third degree, one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(c), a felony of the fourth degree, two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(a), and one count of possession of cocaine, in violation of R.C 2925.11(A)(C)(4)(a), felonies of the fifth degree in Case Nos. 05 CR 600 and 06 CR 941. In the judgment entry, the trial court imposed an aggregate sentence of eleven years, a fine of $1,000.00, and court costs.

**{¶2}** In his first assignment of error, Appellant argues that the trial court violated his due process rights when it failed to inform him of several important rights during his plea colloquy. Appellant contends he was not informed that, by pleading guilty, he waived his right to compulsory process at trial; that he may not be compelled to testify at trial; and that the state carried the burden of proof. The state has confessed judgment on a portion of Appellant's first assignment of error, as it pertains to the trial court's failure to inform Appellant of the state's burden of proof. The transcript of the plea hearing reveals that while the trial court told Appellant that the state had to prove each element of every charge at trial, the court did not inform Appellant that the state was required to prove its case beyond a reasonable doubt.

{¶3} In his second assignment of error, Appellant argues that the trial court committed plain error in assessing a $1,000 fine and court costs without first making a determination as to his present and future ability to pay. In his third assignment of error, Appellant asserts that the trial court committed plain error when it failed to notify him that his failure to pay court costs could result in a court order requiring him to perform community service. In his fourth assignment of error, Appellant argues that his trial counsel was ineffective because he failed to object to the trial court's noncompliance with Crim.R. 11(C), and the imposition of the fine and court costs.

{¶4} Because the record reflects that Appellant's due process rights were violated as a result of the trial court's plea colloquy, we sustain his first assignment of error and vacate his guilty plea, conviction, and sentence in this case. Our decision with respect to the first assignment of error renders Appellant's remaining assignments moot.

## ASSIGNMENT OF ERROR NO. 1

{¶5} "The trial court denied [Appellant] his right to due process under the Fourteenth Amendment to the United State Constitution, and Section 10, Article I of the Ohio Constitution, when it accepted an unknowing, unintelligent, and involuntary guilty plea. Crim.R. 11, Change of Plea Hearing, T.p. 5."

{¶6} A guilty plea to a criminal charge must be made "knowingly, intelligently, and voluntarily." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. Failure on any of these points, "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."

Id. A determination of whether a plea is knowing, intelligent, and voluntary is based on a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351.

{¶7} To ensure that guilty pleas are entered knowingly, intelligently, and voluntarily, Crim.R. 11(C)(2) sets forth certain procedures the trial court must follow before accepting such pleas in felony cases. Before the court can accept a guilty plea on a felony charge, it must conduct a colloquy with the defendant to determine that the defendant understands the plea and the rights he is waiving by entering that plea. Crim.R. 11(C)(2).

{¶8} Crim.R. 11(C)(2)(c) sets forth the constitutional rights that the defendant waives in entering his guilty plea. "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R.11(C)(2)(c), applied.)" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

{¶9} At the plea hearing, the trial court inquired:

{¶10} "Do you understand by entering into these pleas you're giving up certain substantial and constitutional rights, such as your right to trial by jury, your right to have the state prove each element of each charge against you, the right to

confront any witness that would testify against you, the right to compel witnesses to testify on your own behalf and the right not to testify at trial or any of the proceedings if you so desire? Do you further understand that you have a right to a trial by jury? And if the jury comes back with a verdict against you, you would have the right to an appeal, but you're giving up that right to an appeal?" (Plea Hrg. Tr., p. 5.)

{¶11} Appellant filed a postconviction motion to withdraw his guilty plea, which was denied by the trial court, as was his subsequent motion for reconsideration. Appellant did not appeal the denial of his motion to withdraw the plea. Although the motion itself and the motion for reconsideration were not a part of the record, the judgment entry denying the motion for reconsideration suggests that the Crim.R. 11(C) violation was not raised in the motion to vacate. However, "[f]ailure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results." *State v. White*, 7th Dist. No. 03 MA 168, 2004-Ohio-2809, ¶19, citing *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Therefore, Appellant's Crim.R. 11(C) challenge is properly before us.

{¶12} The state, in its brief, concedes that the trial court erred when it failed to inform Appellant that the state must prove his guilt beyond a reasonable doubt. It is clear from the record that the trial court committed reversible error, and, that the plea in this case is invalid. *State v. Roman,* 7th Dist. No. 06 MA 32, 2007-Ohio-5243, ¶38 (invalidating guilty plea when the court failed to articulate the state's burden of proof at the plea hearing). Accordingly, Appellant's first assignment of error is sustained,

and the guilty plea, conviction, and sentencing entry are vacated, and this matter is remanded for further proceedings according to law and consistent with this Opinion. Appellant's remaining assignments of error are moot.


Donofrio, J., concurs.

DeGenaro, J., concurs.