[Cite as *State v. Cox*, 2021-Ohio-3290.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

MALCOLM A. COX,

        Defendant-Appellant.

CASE NO. 2021-L-056

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2014 CR 000563

**O P I N I O N**

Decided: September 20, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Malcolm A. Cox*, pro se, PID# A664-599, Madison Correctional Institution, 1851 State Route 56, P.O. Box 740, London, OH 43140 (Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Malcom A. Cox ("Mr. Cox"), appeals from the trial court's denial of his "Motion to Withdraw Guilty Plea Crim.R. 32.1," in which he contended the trial court failed to advise him of his right to appeal his sentence and his right to appellate counsel when it sentenced him in 2015.

{¶2} Mr. Cox raises two assignments of error for review, arguing that the trial court erred in reclassifying his motion to vacate sentence into a postsentence motion to withdraw guilty plea pursuant to Crim.R. 32.1 and in denying his motion to vacate

sentence because the trial court failed to notify him of his appellate rights pursuant to Crim.R. 32(B).

{¶3} A review of the record and pertinent case law reveals Mr. Cox's assignments of error are without merit. A plain reading of Mr. Cox's motion demonstrates there is no question that he filed a "Motion to Withdraw Guilty Plea Crim.R. 32.1" and contended his guilty plea should be withdrawn because of the trial court's failure to notify him of his appellate rights at sentencing. And, while there is no doubt the trial court erred in failing to notify Mr. Cox of his appellate rights pursuant to Crim.R. 32(B) at sentencing, a trial court's duty to advise a defendant of his or her right to appeal does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently. A postsentence Crim.R. 32.1 motion cannot be used to challenge the validity of a conviction or sentence but rather targets the withdrawal of a plea. Mr. Cox did not raise any arguments challenging the validity of his plea; thus, the trial court did not abuse its discretion in overruling his motion.

{¶4} The judgment of the Lake County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} In late 2014, the Lake County Grand Jury indicted Mr. Cox on 9 counts: two counts of attempted murder, first-degree felonies, in violation of R.C. 2923.02, with firearm specifications pursuant to R.C. 2941.145; two counts of felonious assault, second-degree felonies, in violation of R.C. 2903.11(A)(2), with firearm specifications pursuant to R.C. 2941.145; three counts of having weapons while under disability, third-degree felonies, in violation of R.C. 2923.13(A)(2); and two counts of carrying concealed weapons, fourth-degree felonies, in violation of R.C. 2923.12(A)(2).

2

{¶6}    Mr. Cox agreed to the state's proposal that if he pleaded guilty to felonious assault with a firearm (count 2) and three counts of having weapons while under disability (counts 3, 7 and 9), the state would dismiss the remaining counts and specifications.

{¶7}    At the plea hearing, the trial court explained the nature and potential sentence of the charges against Mr. Cox and engaged him in a Crim.R. 11(C)(2) colloquy before accepting his plea.  Relevant to this appeal, the court inquired whether Mr. Cox understood that if he went to trial and was found guilty, he could appeal those findings and that by pleading guilty he was giving up the right to appeal or challenge any guilty finding the court made.

{¶8}    The written plea and judgment entry on the change of plea, which Mr. Cox signed, further delineated the rights he was waiving and stated:

{¶9}    "My attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgement of my sentence."

{¶10}   A review of the sentencing hearing transcript and sentencing entry reveals the trial court failed to notify Mr. Cox of his rights to appeal pursuant to Crim.R. 32(B).

{¶11}   Mr. Cox was sentenced to a 15-year total term of imprisonment.  More specifically, the trial court sentenced Mr. Cox to seven years in prison on the count of felonious assault (Count 2) and 30 months in prison on the three counts of having weapons while under disability (Counts 3, 7, 9).  The sentence imposed in Count 3 was ordered to be served concurrent to the sentence imposed in Count 2, and the sentences imposed in Counts 7 and 9 were ordered to be served consecutive to each other and to the sentence imposed in Count 2.  In addition, Mr. Cox was also ordered to serve an

3

additional mandatory prison term of three years for the firearm specification to be served consecutive to the preceding prison terms.

{¶12} In November 2019, Mr. Cox filed a "Motion to Withdraw Guilty Plea, Crim.R. 32.1" along with an affidavit in which he attested that the trial court failed to advise him of his right to appeal his sentence, the procedures and time limit for doing so, and the right to have counsel appointed. The state filed a brief in opposition, arguing that Mr. Cox failed to establish a manifest injustice because he was advised of his appellate rights at the time he pleaded guilty. The fact that Mr. Cox was not informed of his appellate rights at sentencing was inconsequential since it did not affect the knowing, voluntary, and intelligent nature of his guilty plea. Further, the lengthy delay in filing the motion adversely affected his credibility and weighed against granting the motion.

{¶13} The trial court denied the motion, finding that Mr. Cox did not demonstrate a manifest injustice from his guilty plea or from the trial court's failure to advise him of his appellate rights at the time of sentencing. The trial court further found that Mr. Cox was informed of his right to appeal his sentence at the time he entered his guilty plea, the trial court complied with Crim.R. 11(C) at the time of the guilty plea, and the guilty plea was knowingly, intelligently, and voluntarily made. The court noted that Mr. Cox waited over four years to file the motion, which was unreasonable and affected his credibility. Thus, the undue delay eliminated any manifest injustice.

{¶14} Mr. Cox appeals, raising two assignments of error:

{¶15} "[1.] The trial court erred in re-classifying the appellants [sic] motion to vacate Sentence into a post sentence motion to withdraw guilty plea under Crim.R. 32.1.

4

{¶16} "[2.] The trial court erred when it denied the appellant's motion to vacate Sentence."

**PostSentence Motion to Withdraw Guilty Plea Standard of Review**

{¶17} Crim. R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶18} "'A post-sentence motion to withdraw a guilty plea will be granted only to correct manifest injustice.'" *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 20, quoting *State v. Casas*, 2d Dist. Montgomery No. 19049, 2003-Ohio-3237, ¶ 6, citing Crim.R. 32.1 and *State v. Stumpf*, 32 Ohio St.3d 95, 104, 512 N.E.2d 598 (1987). "'A manifest injustice standard is an extremely high standard, which permits withdrawal of a plea only in extraordinary cases.'" *Id.*, quoting *State v. Allen*, 8th Dist. Cuyahoga No. 86684, 2006-Ohio-3164, ¶ 10. "The manifest injustice standard '"comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her."'" *Id.*, quoting *State v. Thomson*, 6th Dist. Lucas No. L-05-1213, 2006-Ohio-1224, ¶ 48, quoting *State v. Woods*, 8th Dist. Cuyahoga No. 82120, 2003-Ohio-2475, ¶ 16.

{¶19} "'The burden is on the defendant to establish the existence of such injustice. * * * "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was

5

Case No. 2021-L-056

unexpectedly severe.”’” *Id.* at ¶ 21, quoting *Thomson* at ¶ 49, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

{¶20} “‘“The motion [to withdraw a guilty plea] is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant’s assertions in support of the motion are matters to be resolved by that court.”’” *Id.* at ¶ 22, quoting *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶ 20, quoting *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). “The phrase ‘abuse of discretion’ is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.” *State v. Petway*, 11th Dist. Lake No. 2016-L-084, 2017-Ohio-7954, ¶ 7, citing *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

**Postconviction Petition v. Motion to Withdraw Guilty Plea**

{¶21} In his first assignment of error, Mr. Cox contends the trial court erred in treating his motion to vacate sentence as a motion to withdraw guilty plea under Crim.R. 32.1. He contends that he filed a motion “styled ‘Motion to vacate sentence’, on the grounds that the trial court failed to comply with Crim.R. 32(B) and advise him of his appellate rights.”

{¶22} A review Mr. Cox’s motion, however, belies his argument. The motion is captioned, “Motion to Withdraw Guilty Plea Crim.R. 32.1.” While the caption of a motion is not dispositive, in the body of his motion Mr. Cox requested that the trial court “allow him to withdraw his plea of guilty made on February 2, 2015 and vacate said sentence imposed. Defendant further represents that a sentence of 15 years was imposed on his plea of guilty. The motion to withdraw guilty plea is to prevent a manifest injustice.

6

Moreover, the defendant attaches his affidavit in support of his Motion to withdraw guilty plea, and asks for a hearing on this matter so that he may more fully establish his cause." In his affidavit, Mr. Cox attested that during his sentencing he was not informed of his right to appeal, the procedures and time limit involved, and his right to assistance of counsel.

{¶23} Under these circumstances, we cannot construe Mr. Cox's motion to withdraw a guilty plea pursuant to Crim.R. 32.1 as a motion to vacate his sentence. A postsentence Crim.R. 32.1 motion is filed in the underlying criminal case and targets the withdrawal of a *plea*; thus it is not a "collateral challenge to the validity of a *conviction or sentence*." (Emphasis sic.) *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. ¶ 13.

{¶24} In *Bush*, the Supreme Court of Ohio explained that its "precedent distinguishes postsentence Crim.R. 32.1 motions from postconviction petitions." *Id.* at ¶ 11. Most fundamentally, R.C. 2953.21 and R.C. 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea, and they exist independently. *Id.* at ¶ 14.

{¶25} "R.C. 2953.21(K), part of the postconviction relief statutory scheme, provides that 'the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.'" *Id.* at ¶ 13; *see State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999) ("[A] postconviction proceeding is * * * a collateral civil attack on the judgment"); *Black's Law Dictionary* 255 (7th Ed.Rev.1999) (defining "collateral attack" as "[a]n attack on a judgment entered in a different proceeding").

7

{¶26} A trial court's duty to advise a defendant of his or her right to appeal does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently. *State v. Allen*, 9th Dist. Summit Nos. 27494 & 28213, 2017-Ohio-2831, ¶ 15. "[T]he failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy." *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 12, citing *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 13.

{¶27} Thus, it is clear that a motion made pursuant to Crim.R. 32.1, regardless of whether it raises a constitutional issue, is separate and distinct from a petition filed pursuant to R.C. 2953.21. Only when a defendant files a "no name" postconviction motion, which is not filed pursuant to a specific criminal procedure, should a trial court construe the motion as a "petition for postconviction relief." *State v. Gegia*, 9th Dist. Summit No. 21438, 2003-Ohio-3313, ¶ 7.

{¶28} Based on Mr. Cox's motion, we cannot say the trial court abused its discretion in treating Mr. Cox's motion as a motion to withdraw guilty plea pursuant to Crim.R. 32.1.

{¶29} Mr. Cox's first assignment of error is without merit.

**Motion to Vacate Sentence**

{¶30} In his second assignment of error, Mr. Cox contends the trial court erred in denying his motion to vacate his sentence.

{¶31} As the foregoing demonstrates, however, the trial court could not have erred in denying Mr. Cox's motion to vacate his sentence because he filed a Crim.R. 32.1

8

motion to withdraw his guilty plea. Mr. Cox has not raised any arguments challenging the validity of his plea, but instead contends the trial court should have withdrawn his plea because it did not notify him of his appellate rights at sentencing pursuant to Crim.R. 32. A Crim.R. 32.1 motion, however, only focuses on the plea and cannot be used as a collateral challenge to the validity of a conviction or sentence. *State v. Eckley*, 2019-Ohio-6, 128 N.E.3d 832, ¶ 22 (5th Dist.).

{¶32} Mr. Cox cites to *State v. Hunter*, 8th Dist. Cuyahoga No. 92626, 2010-Ohio-657, which held that "[i]n order to be properly informed under Crim.R. 32, a defendant must be told of his right to appeal, apprised of procedures and time limits involved in proceeding with that appeal, and the right to have assistance of appointed counsel for that appeal." *Id.* at ¶ 20. The Eighth District reversed, vacated the appellant's sentence, and remanded for resentencing because the trial court failed to inform the appellant of his appellate rights under Crim.R. 32 at his resentencing hearing. *Id.* at ¶ 21-23.

{¶33} This case, however, is more akin to *State v. Future*, 8th Dist. Cuyahoga No. 96997, 2012-Ohio-2300, in which the Eighth District found that the trial court lacked jurisdiction to vacate a final order of sentence without a postconviction petition. *Id.* at ¶ 7. The court distinguished *Hunter* based on its procedural posture because at the time *Hunter*'s appeal was decided, his sentence was considered void for lack of proper imposition of postrelease control. *Id.* at ¶ 6, citing *Hunter* at ¶ 9, 16. The trial court had jurisdiction to modify the appellant's sentence. *Id.* In *Future*, however, as in this case, the trial court had no jurisdictional basis for modifying the appellant's sentence without a postconviction relief petition. *Id.* at ¶ 6.

{¶34} There is no doubt that the trial court failed to notify Mr. Cox of his right to appeal at sentencing, pursuant to Crim.R. 32(B), which states:

{¶35} "(B) Notification of Right to Appeal.

{¶36} "(1) After imposing sentence in a serious offense that has gone to trial, the court shall advise the defendant that the defendant has a right to appeal the conviction.

{¶37} "(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

{¶38} "(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

{¶39} "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

{¶40} "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

{¶41} "(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

{¶42} "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

{¶43} Upon defendant's request, the court shall forthwith appoint counsel for appeal."

{¶44} The appropriate avenue for relief, however, is to seek leave to file a delayed appeal with this court and, if unsuccessful, to then file a motion for postconviction relief

10

through R.C. 2953.21 with the trial court. *Future* at ¶ 5; *State v. Gover*, 71 Ohio St.3d 577, 580, 645 N.E.2d 1246 (1995).

{¶45} Lastly, we note that a review of Mr. Cox's written plea of guilty reflects he was advised of his right to have counsel, his right to appeal a maximum sentence, and that he had 30 days to appeal. His Crim.R. 32.1 motion to withdraw guilty plea was filed over four years later. As we remarked in *State v. Learn*, 11th Dist. Geauga No. 2015-G-0023, 2015-Ohio-2817, "even if appellant was not advised of his appellate rights when he should have been, he was still obligated to take the proper steps to protect his rights within a reasonable time." *Id.* at ¶ 10 (overruling appellant's motion for leave to file a delayed appeal because he did not set forth a legitimate explanation for the four-month delay pursuant to App.R. 5(A)).

{¶46} Mr. Cox's second assignment of error is without merit.

{¶47} The judgment of the Lake County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.